# NOVEMBER, 1938

C. G. TAYLOR V. HONORABLE JOSEPH M. NEALON, CHIEF JUSTICE FOR THE COURT OF CIVIL APPEALS FOR THE EIGHTH SUPREME JUDICIAL DISTRICT, ET AL.

No. 7470. Decided October 15, 1938.
Opinion filed November 2, 1938.
(120 S. W., 2d Series, 586.)

*Ernest Guinn,* of El Paso, and *Kerr & Gayer,* of San Angelo, for relator.

*Upton, Upton & Baker,* and *B. W. Smith,* all of San Angelo, for respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an original mandamus proceeding filed directly in the Supreme Court by C. G. Taylor as relator against the Honorable Justices of the Court of Civil Appeals at El Paso and Haralson Wheeler as respondents. This proceeding grows out of the following undisputed facts:

1. C. G. Taylor, relator here, and Haralson Wheeler, one of the respondents here, were rival candidates for the Democratic nomination for the office of County Commissioner of Precinct No. One of Upton County, Texas, at the primary election held on July 23, 1938. As shown on the face of the election returns, the relator received a majority of two votes and was duly certified to the county clerk as the Democratic nominee for the above-named office.

2. Respondent Wheeler filed a contest before the Democratic Executive Committee of Upton County, Texas, as provided for by Article 3148, Vernon's Texas Statutes, 1936. On August

12, 1938, the committee heard and overruled such contest, and Wheeler appealed to the District Court of Upton County, as provided for by Article 3151, Vernon's Texas Statutes, 1936. The case was tried de novo in the district court, and on October 3, 1938, judgment was there entered in favor of Wheeler, declaring him the Democratic nominee for the office in question.

3. Relator Taylor duly excepted to the above judgment and gave notice of appeal to the Court of Civil Appeals at El Paso, as provided for by Artaicle 3153, Vernon's Texas Statutes, 1936. On the same day, October 3, 1938, Taylor filed, and had approved, his appeal bond. On the following day, October 4, 1938, Taylor ordered the statement of facts prepared. On October 7, 1938, Wheeler filed with the Court of Civil Appeals a transcript of the record. Also, at the same time Taylor filed with the Court of Civil Appeals his motion stating that it had not been possible for him to obtain a statement of facts, requesting a dismissal of the contest on the ground that it could not be fully determined on its merits before time for compliance with the statutes of this State relating to the posting and preparation of the ballots for the general election to be held on November 8, 1938, and, in the alternative, for additional time in which to file the statement of facts.

4. On the 8th day of October, 1938, the Court of Civil Appeals entered its order and judgment dismissing Taylor's appeal. The Court of Civil Appeals rendered an opinion giving its reasons for its order of dismissal, in which it, in effect, found and held:

(a) That the case was not moot when it was tried and judgment entered in the district court.

(b) That no challenge that the case was moot was filed in the district court.

(c) That the time was too short to allow for the proper briefing, hearing, and consideration of the appeal in the Court of Civil Appeals.

(d) That under the above record the appeal was moot, but the contest was not moot.

(e) That under the above record and findings the appeal should be dismissed, and the judgment of the district court left standing and in full force.

It is evident from the above that the judgment of the Court of Civil Appeals, in effect, denied relator his right of appeal as guaranteed by Article 3153, supra. Also, it is evident that the judgment of the Court of Civil Appeals made final and

effective the judgment of the district court, even though it was duly appealed from as provided by law, merely because the time was too short to allow for the final hearing and disposition of the appeal on its merits in the Court of Civil Appeals.

5. On October 10, 1938, relator filed in the Court of Civil Appeals his motion for rehearing and to certify. This motion was overruled on the day it was filed, and this proceeding followed.

An examination of our primary election statutes will disclose that the person receiving a majority of the votes on the face of the election returns is entitled to the nomination and is entitled to be so recognized and certified, unless it shall be adjudged otherwise by some tribunal of final jurisdiction in the premises. Our statutes also provide for contests of primary elections. Such contests may begin either before the party executive committee as provided by Article 3148, Vernon's Texas Statutes, 1936, or directly in the district court as provided by Article 3152, Vernon's Texas Statutes, 1936. If the contest is begun before the committee, it can be appealed to the district court where it is tried de novo, as provided by Article 3151, Vernon's Texas Statutes, 1936. In any event, after the case is tried in the district court it can be appealed by the losing party in that court to the Court of Civil Appeals, as provided by Article 3153, Vernon's Texas Statutes, 1936.

■ It is the settled law of this State that in a primary election the person receiving a majority of the votes on the face of the election returns is entitled to the nomination, together with all its attendant statutory rights, unless it can and shall be finally adjudged otherwise by some tribunal authorized so to do. Also, such right is a valuable vested property right, and if there is a contest of such valuable vested property right, such contest must be fully and finally completed before the time comes for the posting of the names of certified nominees by the county clerk. Iles v. Walker et al. (opinion rendered by this Court October 26, 1938, this volume, page 6 ;120 S. W. (2d) 418) and authorities there cited.

In the case at bar the Court of Civil Appeals, in effect, held that the contest could not be finally disposed of on its merits in that Court in time to meet our posting and absentee voting statutes. On account of such condition the Court of Civil Appeals held the appeal moot, but the lower court judgment effective. Such holding was, and is, erroneous. On such a record the entire contest proceedings became moot—not merely the appeal. Iles v. Walker et al., supra, and authorities there cited;

McWhorter v. Northcut, 94 Texas 86, 58 S. W. 720. To give effect to the ruling announced by the Court of Civil Appeals in this case would be to take from the person shown on the face of the returns to have received a majority of the votes cast the valuable vested property right resulting therefrom without giving him the full and final judicial hearing provided by law. Obviously, to do that would be to take from him his property without due process of law.

We here expressly refer to the opinions of this Court in Iles v. Walker et al., supra, and Benavides v. Atkins, (this volume, page 1; 120 S. W. (2d) 415) both rendered by this Court on October 26, 1938, and authorities cited in such opinions.

We rendered judgment in this case on the 15th day of October, 1938. On that date we rendered the following judgment:

"It is ordered by this Court that the application for mandamus prayed for by the relator herein be and the same is hereby granted, as follows:

"The Court of Civil Appeals and the Justices thereof are instructed to set aside its order heretofore entered in Cause No. 3812 in said court, relating to this matter, which order dismisses the appeal in said cause.

"The Court of Civil Appeals and the Justices thereof are further ordered in Cause No. 3812 to reverse and set aside the order of the District Court of Upton County, Texas, relating to this election contest.

"The Court of Civil Appeals and the Justices thereof are further ordered and instructed in Cause No. 3812 to dismiss said entire cause before it, including the election contest, so as to leave said contest as though it had never been filed.

"An opinion in this cause will be filed later.

"No motion for rehearing will be entertained in this cause, and the judgment of this Court shall become effective forthwith. This mandamus will issue at once and be served by telegram."

Judgment entered October 15, 1938.

Opinion filed November 2, 1938.