**Willie MOORE, Appellant,**

v.

**Eddie BARR, Appellee.**

**No. A14–86–487–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 30, 1986.

Anthony P. Griffin, Galveston, for appellant.

Russell Serafin, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

OPINION

MURPHY, Justice.

Willie Moore, a candidate for the Democratic Party's nomination for Galveston county commissioner, filed suit contesting the results of the party's primary held May 3, 1986. He alleged that the true results of the election cannot be ascertained because

his name was not on the ballot at any precinct when the polls opened. The mistake was discovered and the error corrected at various times during the day. Most voting machines were fixed by mid-morning. The trial court heard evidence, concluded that the mistake had been made, but found for the contestee, Eddie Barr. The Democratic Party certified Barr as its candidate after the runner-up in the primary withdrew. Absentee balloting for the general election began October 15, 1986. We find that we cannot address the merits of appellant's appeal because the cause is now moot.

■ Election contests are legislative, not judicial, proceedings. *Duncan v. Willis,* 157 Tex. 316, 302 S.W.2d 627, 630 (1957). The holding of an election and the election procedure are part of the political powers of the state and, except as provided by statute, the judiciary has no control over them. *Crittenden v. Cox,* 513 S.W.2d 241, 245 (Tex.Civ.App.—Eastland 1974, no writ). The election code provides that contests of primary elections for county-wide offices be brought before the district court. Tex. Elec.Code Ann. § 221.002(a) (Vernon 1986). The court of appeals has appellate jurisdiction of contests originating in the district court. Tex.Elec.Code Ann. § 221.002(f) (Vernon 1986). However, that appellate jurisdiction can be destroyed if the contest becomes moot. *Duncan v. Willis,* 302 S.W.2d at 630.

■ It has long been the law that an election contest becomes moot, and the issues no longer justiciable, when a final judgment adjudging the validity or invalidity of candidate's certificate of nomination is not entered in time for election officials to comply with the statutory deadlines for preparing for and conducting the general election. *Polk v. Davidson,* 145 Tex. 200, 196 S.W.2d 632, 634 (1946); *Taylor v. Nealon,* 132 Tex. 60, 120 S.W.2d 586, 588 (1938); *Sterling v. Ferguson,* 122 Tex. 122, 53 S.W.2d 753, 760 (1932); *Price v. Dawson,* 608 S.W.2d 339, 340 (Tex.Civ.App.—Dallas 1980, no writ); *Shaw v. Miller,* 394 S.W.2d 701, 703 (Tex.Civ.App.—Houston 1965, writ

ref'd n.r.e.); *Rosette v. Reyna,* 196 S.W.2d 658, 659 (Tex.Civ.App.—San Antonio 1946, no writ); *Anderson v. Aldrich,* 120 S.W.2d 605, 607–08 (Tex.Civ.App.—Galveston 1938, no writ); *Cummins v. Democratic Executive Committee,* 97 S.W.2d 368, 369 (Tex. Civ.App.—Austin 1936, no writ); *Oliver v. Freeland,* 74 S.W.2d 711, 712 (Tex.Civ.App. —San Antonio 1934, no writ).

■ This is because the candidate who has won on the face of the election returns is entitled to his party's nomination, "together with all its attendant statutory rights, unless it can be finally adjudged otherwise by some tribunal authorized to do so." *Taylor v. Nealon,* 120 S.W.2d at 587. These rights are vested property rights that cannot be taken away from the winner without due process of law. *Id.* at 588.

In this case, absentee balloting began October 15, 1986. An election commences when absentee balloting begins. *Skelton v. Yates,* 131 Tex. 620, 119 S.W.2d 91, 92 (1938); *Board of Trustees of the Tobasco Consolidated Independent School District v. Edwards,* 311 S.W.2d 872 (Tex.Civ.App. —San Antonio 1958, no writ).

Courts have often commented that the right to appeal a contest of a primary election, though provided for by statute, becomes illusory in light of the time constraints involved. *Duncan v. Willis,* 157 Tex. 316, 302 S.W.2d 627, 630 (1957); *Iles v. Walker,* 132 Tex. 6, 120 S.W.2d 418, 422–23 (1938); *Taylor v. Wheeler,* 121 S.W.2d 421, 422 (Tex.Civ.App.—El Paso 1938), *overruled by writ of mandamus, Taylor v. Nealon,* 132 Tex. 60, 120 S.W.2d 586 (1938).

Time restraints remain in the current election code in that the dates for general elections are set by statute. Tex.Elec.Code Ann. § 41.001 (Vernon 1986). Any election that is held on a date not permitted in the election code is void. Tex.Elec.Code Ann. § 41.008 (Vernon 1986). The provisions in section 232.048 of the Election Code suggest that the legislature was aware of the necessity of completing a court-ordered new primary election before the general

election begins. Tex.Elec.Code Ann. § 232.048 (Vernon 1986).

Appellant suggests that these time restraints are not applicable here because Barr is unopposed in the general election. We cannot agree. A primary election is simply a means by which a political party nominates its candidate for the general election. *Sterling v. Ferguson,* 122 Tex. 122, 53 S.W.2d 753, 756 (1932); *see also* Tex.Elec.Code Ann. §§ 172.001–.004 (Vernon 1986). "[T]o be elected to a public office a candidate must receive more votes than any other candidate for the office." Tex.Elec.Code Ann. § 2.001 (Vernon 1986).

A candidate cannot receive any votes unless the general election is held. The office of county commissioner is clearly an elected office. Tex. Const. art. 5, § 18.

 We have no choice but to dismiss this cause as moot. No motion for rehearing will be entertained. *See* Tex.Elec.Code Ann. § 232.014(e) (Vernon 1986).