**Phil NICHOLS, Contestant,**

v.

**Grady L. SWINDLE, Robert I. Hooper, Ronald D. Dickens, and William H. Oxford, Contestees.**

**No. 11–92–072–CV.**

Court of Appeals of Texas, Eastland.

June 18, 1992.

Rehearing Denied July 16, 1992.

Phil Nichols, Nichols & Weaver, Stephenville, for appellant.

Robert I. Hooper, Hooper & Barber, Grady L. Swindle, Ronald D. Dickens, Ernest Bart McDougal, Stephenville, for appellees.

OPINION

McCLOUD, Chief Justice.

Phil Nichols, contestant, was a candidate for County Attorney for Erath County in the March 10, 1992, Democratic Party primary election. He sued Grady L. Swindle, Robert I. Hooper, Ronald D. Dickens, and William H. Oxford, contestees, alleging that illegal votes were counted following the primary election. Swindle, Hooper, and Dickens were also candidates for the office of county attorney, and Oxford was the Erath County Democratic Party Chairman. The canvass of the March 10 primary vote showed that contestees, Swindle and Hooper, would be the candidates in a runoff election to be held on April 14, 1992. Contestant filed the instant "Election Contest" suit on March 24, 1992. Contestant contends that the names of Swindle, Hooper, and Dickens should not have been placed on the March 10, 1992, primary ballot because none of these three candidates had filed for the office of county attorney before the January 2, 1992, mandatory filing deadline as required by TEX.ELEC.CODE ANN. § 172.023 (Vernon Supp.1992). The three candidates, Swindle, Hooper, and Dickens, had each filed their application for a place on the ballot before January 10, 1992.

The United States District Court for the Western District of Texas, Austin Division, in *Louis Terrazas et al v. Bob Slagle et al*[1] entered its opinion and judgment on December 24, 1991, holding that the candidate filing deadlines for the Texas 1992 primary election be extended to January 10, 1992. Thereafter, on January 23, 1992, the United States District Court for the Western District of Texas, Austin Division, expressly held that the court in the December 24 judgment and in a January 10, 1992, order and judgment, extended the filing deadlines for all offices (not just legislative

---

1. 789 F.Supp. 828 (W.D.Tex.1991).

offices) to January 10, 1992.[2] The court stated:

> In the January 10th Order, we ordered that "the candidate filing deadlines for the 1992 primary elections to all offices remains January 10, 1992." We now hold that this language did indeed extend the filing deadlines for all offices, including judicial offices, to January 10, 1992. Although the Terrazas actions involved a challenge only to legislative reapportionment plans, in passing on the validity of those plans, this Court was required to adjudicate issues relating to the primary election generally, including the date of the primary election and the filing deadline. Thus, in extending the filing deadlines for the 1992 primary elections in the December 24th Order, this Court extended the deadlines for all of the elections, just as in the January 10th Order, this Court stated that the primary elections for all elections would proceed March 10, 1992. We find that this intent is apparent from reading the December 24th and January 10th Orders. We note that we explicitly so stated when we intended to limit relief solely to legislative elections; in the December 24th Order, we ordered "that the residency requirement for candidates to the Texas Senate, and Texas House of Representatives are hereby waived for elections held under the State House and State Senate interim plans in 1992." Furthermore, this Court's January 10th Order clearly states that the filing deadline for "all offices" is January 10, 1992.

The thrust of the contestant's challenge is that the United States District Court did not have the power to extend the filing deadline to January 10, 1992; therefore, all of the votes counted for contestees, Swindle, Hooper, and Dickens, are "illegal votes" as defined in TEX.ELEC.CODE ANN. § 221.003 (Vernon 1986).

We do not reach the merits of the controversy. The trial court properly dismissed contestant's challenge as being moot.

Contestant's real complaint is that the names of the contestees, Swindle, Hooper, and Dickens, should not have been on the ballot because the contestees did not file their applications before January 2, 1992. TEX.ELEC.CODE ANN. § 141.034 (Vernon Supp.1992) provides that an application for a place on the ballot may not be challenged for:

> [C]ompliance with the applicable requirements as to form, content, and procedure after the day before the beginning of early voting by personal appearance for the election for which the application is made.

This statute was recently applied in *Smith v. Crawford*, 747 S.W.2d 938 (Tex.App.— Dallas 1988, no writ), wherein the court stated:

> We do not reach the merits of the challenge and deny the writ because the issue is now moot. A case becomes moot "when any right which might be determined by the judicial tribunal could not be effectuated in the manner provided by law." *Sterling v. Ferguson*, 122 Tex. 122, 142, 53 S.W.2d 753, 761 (1932). The established rule is that where a contest between candidates for nomination in a party primary election cannot be tried and a final decree entered in time for substantial compliance with pre-election statutes by officials charged with the duty of preparing for the holding of the election, the courts must dismiss the contest as being moot. *Sterling v. Ferguson*, 53 S.W.2d at 760; see also *Taylor v. Nealon*, 132 Tex. 60, 120 S.W.2d 586, 588 (1938). This is true, even though the contestant may have good cause or grounds for the contest. See *Cummins v. Democratic Executive Committee*, 97 S.W.2d 368, 369 (Tex.Civ.App.—Austin 1936, no writ). When the time comes that the issues cannot be heard and a final judgment entered judging the validity or the invalidity of the nominee's application so that absentee ballots can be printed and available to voters as and when required by statute, the contest is moot and must be dismissed. *Sterling v.*

---

**2.** Cause Nos. A–91–CA–425, A–91–CA–426, A–91–CA–428, and A–92–CA–034, 1992 WL 73128

(W.D.Tex., January 23, 1992) (unpublished order).

*Ferguson,* 53 S.W.2d at 761; *Price v. Dawson,* 608 S.W.2d 339, 340 (Tex.Civ. App.—Dallas 1980, no writ).

Contestant waited until after the primary election to challenge as untimely the applications for a place on the ballot. This contest comes too late.

*Thiel v. Harris County Democratic Executive Committee,* 534 S.W.2d 891 (Tex. 1976), cited by contestant, is distinguishable. There, the contestant timely brought a mandamus action before the primary election. Contestant failed to timely file a writ of mandamus as authorized by Tex. Elec.Code Ann. § 273.061 (Vernon 1986).

The judgment of the trial court is affirmed.