Victor SALAZAR, Appellant,

v.

Adam GONZALES, Appellee.

No. 13–96–288–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 3, 1996.

J.R. Schneider, Jr., George West, for appellant.

Juan Angel Guerra, Raymondville, for appellee.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an accelerated appeal of a Democratic primary, run-off election. We do not reach the merits of the case and dismiss the appeal because the issue is now moot.

Victor Salazar, the incumbent County Commissioner of Bee County, Precinct 1, sued appellee, Adam V. Gonzales, contesting the canvass results of the April 9, 1996, primary run-off election which showed 538 votes in favor of Adam V. Gonzales and 537 votes in favor of Victor Salazar, resulting in a one vote victory for Gonzales. Salazar alleged that the election was tainted by illegal votes and mistakes by election officials which materially affected the outcome of the election.

On May 18, 1996, after a bench trial, the trial court signed a judgment declaring Gonzales the winner. The trial court set June 20 as the date for Salazar to file the transcript with the court of appeals. On June 20, Salazar instead filed a motion for extension of time to file the statement of facts, which we granted. The complete record was not filed

with this court until July 25. Salazar then had twenty days from July 25 to file his appellate brief. The brief was filed on the nineteenth day, August 13, which was eighty-six days after judgment was entered in the trial court. Appellee filed his brief on September 12. The case was immediately set for oral argument and submitted on September 19, forty-seven days before the general election.

## DISCUSSION

An election contest becomes moot, and the issues no longer justiciable, when a final judgment adjudging the validity or invalidity of a candidate's certificate of nomination is not entered in time for election officials to comply with the statutory deadlines for preparing and conducting the general election, or when absentee balloting has begun during the pendency of the appeal. *Moore v. Barr*, 718 S.W.2d 925 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Price v. Dawson*, 608 S.W.2d 339, 340 (Tex.Civ. App.—Dallas 1980, no writ).[1] Early voting for the November 5, 1996 general election, according to section 86.004 of the Texas Election Code, began on September 21. Tex. Elec.Code Ann. § 86.004 (Vernon Supp. 1996).[2] As of the date of this opinion, ballots have not been mailed to voters in Bee County, however, the Secretary of State confirms that other counties have mailed their ballots.[3] The start of the general election in Bee County is imminent.

We regret having to dispose of this case in this manner. Our analysis of the events of the run-off election, and subsequent trial, raises several questions with respect to the election process and the trial court's analysis of the law and facts, which beseech review by an appellate court. Nevertheless, since we conclude that early voting has effectively begun, and less than five weeks remain before the general election, a rendered or remanded judgment in this cause would not allow enough time for election officials to comply with the statutory deadlines for preparing and conducting the general election.

Courts have often commented that the right to appeal a contest of a primary election, though provided for by statute, becomes illusory in light of the time constraints involved. *Duncan v. Willis*, 157 Tex. 316, 302 S.W.2d 627, 630 (1957); *Iles v. Walker*, 132 Tex. 6, 120 S.W.2d 418, 422–23 (1938); *Taylor v. Wheeler*, 121 S.W.2d 421, 422 (Tex. Civ.App.—El Paso 1938), *overruled by writ of mandamus, Taylor v. Nealon*, 132 Tex. 60, 120 S.W.2d 586 (1938). While we agree that there were stringent time constraints on the appeal of this election contest, appellant's opportunity for relief was not illusory when the trial ended. Following this case, other election contestants should not perceive that an appeal of an election contest is untenable. A remedy by appeal is available, and when pursued diligently, this court will diligently labor, as it did in this case, to expedite and consider the appeal on its merits.

Given the circumstances under which this appeal is now before us, we have no choice but to dismiss this cause as moot. No motion for rehearing will be entertained. *See* Tex. Elec.Code Ann. § 232.014(e) (Vernon 1986).

---

1. *See Polk v. Davidson*, 145 Tex. 200, 196 S.W.2d 632, 634 (1946); *Taylor v. Nealon*, 132 Tex. 60, 120 S.W.2d 586, 588 (1938); *Sterling v. Ferguson*, 122 Tex. 122, 53 S.W.2d 753, 760 (1932); *Shaw v. Miller*, 394 S.W.2d 701, 703 (Tex.Civ. App.—Houston 1965, writ ref'd n.r.e.); *Rosette v. Reyna*, 196 S.W.2d 658, 659 (Tex.Civ.App.—San Antonio 1946, no writ); *Anderson v. Aldrich*, 120 S.W.2d 605, 607–08 (Tex.Civ.App.—Galveston 1938, no writ); *Cummins v. Democratic Executive Comm.*, 97 S.W.2d 368, 369 (Tex.Civ.App.—Austin 1936, no writ); *Oliver v. Freeland*, 74 S.W.2d 711, 712 (Tex.Civ.App.—San Antonio 1934, no writ)

2. **§ 86.004 Time for Providing Ballot to Voter**

   The balloting materials for voting by mail shall be mailed to voters as soon as practicable after the ballots become available but no earlier than the 45th day before election day.
   Tex. Elec.Code Ann. § 86.004 (Vernon Supp. 1996):

3. *Buckaloo Trucking Co. v. Johnson*, 409 S.W.2d 911, 913 (Tex.Civ.App.—Corpus Christi 1966, no writ) ("court of appeals may take judicial notice of matters which are of 'common knowledge,' i.e., certain commonly known, easily ascertainable, and indisputable facts.")