OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


October 22, 2002

The Honorable Tim Cone
Upshur County Criminal District Attorney
Upshur County Justice Center
405 North Titus Street
Gilmer, Texas 75644

Opinion No. JC-0565

Re:   Whether section 130.908 of the Local Government Code applies when an incumbent county commissioner is not renominated to office in a primary election, and related question (RQ-0540-JC)

Dear Mr. Cone:

You ask about section 130.908 of the Local Government Code, which requires commissioners court approval of a commissioner's expenditures "if a person other than [the] incumbent county commissioner is elected to the office of county commissioner of a county with a population of less than 50,000, during the time following the date the results of the official canvass of the election returns are announced." TEX. LOC. GOV'T CODE ANN. § 130.908 (Vernon 1999). We conclude that this provision applies after a person other than the incumbent commissioner has been elected to the office in the general election. We also conclude that it requires the commissioners court to preapprove the incumbent commissioner's commitment of county funds.

Section 130.908 provides as follows:

> *If a person other than an incumbent county commissioner is elected to the office of county commissioner* of a county with a population of less than 50,000, during the time *following the date the results of the official canvass of the election returns are announced*, the commissioners court must approve any expenditures by the incumbent county commissioner who was not reelected.

*Id.* (emphasis added). This provision was enacted in 1991 as House Bill 1057. A bill analysis explains that "some counties have a fiscal year budget that ends on September 30, rather than December 31. Because the terms of county commissioners end December 31, defeated incumbents in some counties have used the last three months of their term to spend all of the money in the new fiscal year budget." HOUSE COMM. ON COUNTY AFFAIRS, BILL ANALYSIS, Tex. H.B. 1057, 72d Leg., R.S. (1991). The purpose of the bill was to "require the commissioners court in a county with fewer than 50,000 people, to approve all spending by the incumbent county commissioner who was not reelected." *Id.*

You first ask when section 130.908 applies. Specifically, you ask "[w]hether Section 130.908 . . . applies to an Incumbent County Commissioner that is not re-elected at the time of the Primary election or does it only apply to the General election."[1] We gather that you ask about an incumbent commissioner who was either defeated or did not run for his or her party's nomination for office in the primary election. You ask, in essence, whether section 130.908 applies once it is clear that an incumbent commissioner will not be reelected to office, or whether it applies only once a successor commissioner has been elected to office. We conclude that section 130.908 applies when a person other than the incumbent commissioner has been elected to the office in the general election.

We construe section 130.908 according to its plain language. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) ("[I]t is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.'") (citing *Liberty Mut. Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482, 484 (Tex. 1998)). According to its plain language, section 130.908 is not triggered merely by the certainty that an incumbent commissioner will not serve another term. Rather, the requirements of section 130.908 are triggered when "a person other than an incumbent county commissioner is elected to the office of county commissioner." TEX. LOC. GOV'T CODE ANN. § 130.908 (Vernon 1999). The time period for approval of the commissioner's expenditures begins "following the date the results of the official canvass of the election returns are announced." *Id.*

Section 130.908 will not apply until after the official canvass of the election returns for the office of county commissioner is announced following the general election. A person cannot be elected county commissioner as a result of a primary election. "A primary election is simply a means by which a political party nominates its candidate for the general election." *Moore v. Barr*, 718 S.W.2d 925, 927 (Tex. App.–Houston [14th Dist.] 1986, no writ). "[T]o be elected to a public office, a candidate must receive more votes than any other candidate for the office." TEX. ELEC. CODE ANN. § 2.001 (Vernon 1986). "A candidate cannot receive any votes unless the general election is held." *Moore*, 718 S.W.2d at 927. This is the case even if the person will run as an unopposed candidate in the general election, because chapter 2, subchapter C of the Election Code, which authorizes the governing body of a political subdivision to declare that an unopposed candidate has been elected to office, does not apply to elections for county officers. *See* TEX. ELEC. CODE ANN. § 2.051(a) (suchapter C does not apply to an election of county officers), (b)(2) (requirements for subsection (a) must be met) (Vernon Supp. 2002).

You also ask whether section 130.908 requires "prior approval of any expenditure by [an] incumbent County Commissioner who is not re-elected." Request Letter, *supra* note 1, at 1. Generally, a commissioners court expends county funds according to the county budget and it does so as a body. *See* TEX. LOC. GOV'T CODE ANN. chs. 111, 113 (Vernon 1999 & Supp. 2002). And, as a general matter, commissioners acting in their individual capacity do not have the authority to

---

[1]*See* Letter from Honorable Tim Cone, Upshur County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Apr. 30, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

bind the county or to spend county funds. *See, e.g., Canales v. Laughlin*, 214 S.W.2d 451, 455 (Tex. 1948) ("individual commissioners have no authority to bind the county by their separate action"); Tex. Att'y Gen. Op. Nos. JC-0307 (2002) at 8-9 (commissioners court must approve claim, invoice, or bill acting as a body in a public meeting), JC-0100 (1999) (county commissioner serving as ex officio road commissioner lacks authority to make purchases binding on county). Section 115.021 of the Local Government Code directs that the commissioners court as a whole "shall audit and settle all accounts against the county and shall direct the payment of those accounts." TEX. LOC. GOV'T CODE ANN. § 115.021 (Vernon 1999); *see also id.* § 113.064(a) (in county with county auditor, auditor must approve each claim, bill, or account before the meeting of the commissioners court).

Section 130.908 provides that a commissioners court "must approve any expenditures by the incumbent county commissioner who was not reelected." TEX. LOC. GOV'T CODE ANN. § 130.908 (Vernon 1999). Given that the Local Government Code generally requires a commissioners court to approve county expenditures and payments of claims against the county, we conclude that section 130.908 contemplates a commissioners court's advance approval before an incumbent commissioner may commit county funds. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 681 (Tex. 1979) ("It is apparent that in amending the statute, the legislature intended some change in the existing law, and this court will endeavor to effect the change."); *Am. Sur. Co. of N.Y. v. Axtell*, 36 S.W.2d 715, 719 (Tex. 1931) (legislature presumed to have intended some change to existing law when amendment was enacted and effect must be given to amendment). Furthermore, the statute, in using the word "must," makes such advance approval a mandatory duty. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("While Texas courts have not interpreted 'must' as often as 'shall,' both terms are generally recognized as mandatory, creating a duty or obligation."); *Wright v. Ector County Indep. Sch. Dist.*, 867 S.W.2d 863, 868 (Tex. App.–El Paso 1993, no writ) ("The ordinary meaning of 'shall' or 'must' is of a mandatory effect, whereas the ordinary meaning of 'may' is merely permissive in nature."); *see also* TEX. GOV'T CODE ANN. § 311.016(3) (Vernon 1998) (the term "'must' creates or recognizes a condition precedent"). How a commissioners court will comply with that duty, such as by limiting appropriations or requiring advance approval of individual expenditures, will depend upon the county's spending procedures.

## S U M M A R Y

Section 130.908 of the Local Government Code applies after a person other than the incumbent commissioner has been elected to the office in the general election. It requires commissioners court approval of a commissioner's expenditures "if a person other than [the] incumbent county commissioner is elected to the office of county commissioner of a county with a population of less than 50,000, during the time following the date the results of the official canvass of the election returns are announced." TEX. LOC. GOV'T CODE ANN. § 130.908 (Vernon 1999). It requires the commissioners court to preapprove an affected incumbent commissioner's commitment of county funds following the general election.

Very truly yours,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General