**Luis Daniel SEPULVEDA, Appellant,**

v.

**Carlos MEDRANO, Appellee.**

**No. 05–10–00915–CV.**

Court of Appeals of Texas,
Dallas.

Sept. 29, 2010.

Daniel Wyde, Wyde Law Firm, Dallas, TX, for Appellant.

Randall B. Wood, Doug W. Ray, Ray, Wood & Bonilla, Austin, TX, Paul D. Rich, Law Office of Domingo Garcia, P.C., Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices O'NEILL and MYERS.

## OPINION

Opinion By Justice O'NEILL.

This appeal comes to us from the trial court's take-nothing judgment on appellant

Luis Daniel Sepulveda's contest to the results of the election for the Democratic Party nomination for Precinct 5, Place 1 for Justice of the Peace, Dallas County. We conclude the appeal is moot.

## PROCEDURAL HISTORY

Jose Luis Sepulveda is the incumbent Justice of the Peace, Precinct 5, Place 1 in Dallas County, Texas. Sepulveda was challenged in the March 2, 2010 Democratic Party primary election by appellee Carlos Medrano. Medrano was ultimately declared the winner of the Democratic Party primary for the Justice of Peace position, and the election results were certified.

On March 18, 2010, Sepulveda filed an original petition contesting the election results. The petition named Medrano, Dallas County Elections Administrator Bruce Sherbet, and the Dallas County Early Voting Ballot Board (Voting Board) as defendants. On April 2, 2010, Sherbet and the Voting Board filed an original answer, plea to the jurisdiction, and affirmative defense. On April 7, 2010, Sepulveda filed a "First Amended Ex Parte Motion to Disqualify" the Honorable Eric Moyé, presiding judge of the 14th Judicial District Court, from hearing the election contest on the grounds that Judge Moyé's judicial district includes the territory covered by the contested election.[1] The clerk's record contains an April 8, 2010 docket sheet entry showing a recusal order, but a copy of the order is not in the clerk's record.

On April 12, 2010, Medrano filed his original answer. On May 4, 2010, the judge assigned to sit on the case signed an order granting Sepulveda's motion to nonsuit the claims against Sherbet and the Voting Board. On May 10, 2010, Sherbet

---

1. *See* TEX. ELEC.CODE ANN. § 231.004 (West 2010).

filed a motion for protection from a discovery subpoena and notice of unserved parties.

On July 1, 2010, Sepulveda filed a first amended petition. The amended petition named only Medrano as defendant. In the amended petition, Sepulveda identified the names of the voters whose ballots he contended were illegally counted. Attached to the petition were the signed and notarized "affidavit[s] by alleged voter" of these named individuals. A non-jury trial was held on the election contest from July 6 through 16, 2010. On July 19, 2010, Medrano filed a post-trial memorandum. The trial judge signed the final judgment on July 19, 2010. The judgment stated "the declared result of the election for the Democratic nomination for Precinct 5, Place 1 for Justice of the Peace, Dallas County, Texas, is the true outcome of the election," rendered a take-nothing judgment on the election contest, and declared the result of the election for Medrano affirmed.

On July 26, 2010, Sepulveda filed a notice of appeal. The notice of appeal was docketed in this Court on that same date and Sepulveda paid the $175 filing fee for the appeal. On July 26, 2010, Sepulveda tendered to this Court a motion to "waive appellate bond, deposit or security," but he did not pay the $10 filing fee for the motion until August 4, 2010. This Court denied Sepulveda's motion to waive the appellate bond by written order dated August 12, 2010.

On August 16, 2010, Sepulveda filed a motion in the trial court asking the district judge to set the deadline for filing the trial court record in the appeal. On that same date, Sepulveda filed an untimely request for findings of fact and conclusions of law.[2] The request is not in the clerk's record, but there is a notation on the docket sheet of the filing, and a copy is included in the appendix to Sepulveda's brief. On August 26, 2010, the trial judge signed an order setting the due date for the record at ten days after payment was made.

On September 3, 2010, Sepulveda filed a "petition for injunction" in this Court seeking an order staying Sherbet from "submitting the general election ballot" for printing while the appeal on the election contest is pending. To the extent Sepulveda sought mandamus relief, we concluded he had not shown he was entitled to such relief. We further concluded that to the extent Sepulveda sought injunctive relief, we did not have jurisdiction to enter a writ of injunction in an election case. *In re Sepulveda*, No. 05–10–01112–CV (Tex. App.-Dallas Sept. 7, 2010, orig. proceeding).

On September 13, 2010, Sepulveda's attorney contacted the Clerk of this Court complaining the appeal had been misdocketed as a regular, rather than accelerated, appeal, and that the record was overdue. We corrected case management to show the appeal was accelerated. We requested that Sepulveda's counsel provide proof the record had been paid for. He sent, via e-mail attachment, copies of two cancelled checks showing payments of $3200 each for the reporter's record. One check was

---

**2.** The request for findings of fact and conclusions of law was due within twenty days after the trial court's judgment was signed, in this case by Monday, August 9, 2010. *See* TEX.R. CIV. P. 4, 296 (20th day fell on Sunday). Sepulveda states in his reply brief that on the first day of trial, he provided the trial judge with a copy of the amended petition filed on July 1, 2010. This action, Sepulveda asserts, was, in effect, a "de facto" request for findings of fact and conclusions of law, making the request premature but effective. Sepulveda cites no authority for the proposition that providing the trial judge with a copy of an amended petition constitutes a request for findings of fact and conclusions of law.

dated August 2, 2010; the second check was dated August 26, 2010. Counsel did not provide verification of payment for the clerk's record. On September 14, 2010, this Court issued an order directing the Dallas County Clerk to file, within ten days, either the clerk's record or written verification that Sepulveda had not paid for the record. We warned Sepulveda that if we received verification of non-payment, we would dismiss the appeal. *See* TEX. R.APP. P. 37.3(b). We ordered the court reporter to file the reporter's record within ten days.

On September 14, 2010, Sepulveda filed a petition for writ of mandamus asking this Court to order the court reporter to file the reporter's record. On September 15, 2010, the Clerk received an e-mail from Sepulveda's attorney asking that the petition for writ of mandamus be brought to the attention of the Court and stating he had made payment for the clerk's record on that date. The reporter's record was filed on September 16, 2010, and the petition for writ of mandamus was denied as moot on September 17, 2010. *In re Sepulveda*, No. 05–10–01144–CV (Tex.App.-Dallas Sept. 17, 2010, orig. proceeding).

On September 17, 2010, the Court sent the parties a letter informing them the reporter's record had been filed. The letter set the due date for Sepulveda's brief at two days after the clerk's record was filed and the due date for Medrano's brief at two days after Sepulveda's brief was filed.

The clerk's record was filed on September 21, 2010. On that same date, we sent the parties a letter notifying them of the filing and reiterating the briefing deadlines established in our September 17, 2010 letter. We specifically directed the parties to address whether this appeal was moot or the date by which it would become moot. We further notified the parties that the appeal would be submitted without oral argument on September 28, 2010. Sepulveda filed his brief on September 22, 2010. Medrano filed his brief on September 24, 2010. Sepulveda filed a reply brief on September 27, 2010.

## MOOTNESS OF APPEAL

Sepulveda responded that the appeal will become moot on October 1, 2010. In support of his assertion, he cites to section 145.003(b) of the Texas Election Code. He also asserts that it is "the height of unfairness to declare this appeal moot" because "the trial court did not follow the proper procedures for ensuring the appeal was properly accelerated," "this Court mis-calendared the due date for the record by not designating this case as an accelerated appeal, even though Appellant's docketing statement and notice of appeal so indicated," and "the court reporter delayed in filing the record of the testimony." Sepulveda asserts that far from sleeping on his rights, he consistently sought to ensure the appeal was accelerated, including filing two mandamus proceedings—one to force the trial court to set deadlines and the other to force the court reporter to file the record.

Medrano responded that the appeal is moot because the Dallas County Elections Administrator has already mailed over 9000 ballots to persons entitled to vote in the general election. Thus, he asserts it is too late to hold a new election and still comply with all pre-election statutes for the general election. In support of his assertion, Medrano attached to his brief Sherbet's affidavit regarding the mailing of these ballots.

## ANALYSIS

■ It is well established that "a challenge to the candidacy of an individual becomes moot 'when any right which

might be determined by the judicial tribunal could not be effectuated in the manner provided by law.'" *Brimer v. Maxwell,* 265 S.W.3d 926, 928 (Tex.App.-Dallas 2008, no pet.) (citing *Polk v. Davidson,* 145 Tex. 200, 204, 196 S.W.2d 632, 634 (1946) (orig. proceeding)). "An election contest case becomes moot, and the issues no longer justiciable, when a final judgment adjudging the validity or invalidity of a candidate's certificate of nomination is not entered in time for election officials to comply with the statutory deadlines for preparing and conducting the general election, or when absentee[3] balloting has begun during the pendency of the appeal." *Salazar v. Gonzales,* 931 S.W.2d 59, 60 (Tex.App.-Corpus Christi 1996, no writ); *Moore v. Barr,* 718 S.W.2d 925, 926 (Tex. App.-Houston [14th Dist.] 1986, no writ); *Gutierrez v. Montemayor,* 2000 WL 33225302, at *1 (Tex.App.-San Antonio Dec. 29, 2000, no pet.) (not designated for publication); *see also Polk,* 145 Tex. at 204, 196 S.W.2d at 634.

■ Sepulveda's reliance on Section 145.003 is misplaced. Subsection (b) provides,

(b) A candidate in the general election for state and county officers may be declared ineligible before the 30th day preceding election day by:

(1) the party officer responsible for certifying the candidate's name for placement on the general election ballot, in the case of a candidate who is a political party's nominee; or

(2) the authority with whom the candidate's application for a place on the ballot is required to be filed, in the case of an independent candidate.

TEX. ELEC.CODE ANN. § 145.003(b) (West 2010). However, section 145.003 of the election code is entitled *"Administrative Declaration of Ineligibility."* Subsection (a) specifically states, "[e]xcept for *judicial action* in which a candidate's eligibility is in issue, a candidate may be declared ineligible only as provided by this section." TEX. ELEC.CODE ANN. § 145.003(a) (emphasis added). Thus, by its plain language, section 145.003 does not apply to this election contest, which was brought in the district court, and the thirty-day period set out in section 145.003(b) does not govern the date on which this appeal is moot.

■ Rather, the governing statute is section 86.004 of the election code, which is entitled "Time for Providing Ballot to Voter." Section 86.004 provides,

(a) Except as provided by Subsection (b), the balloting materials for voting by mail shall be mailed to a voter entitled to vote by mail not later than the seventh calendar day after the later of the date the clerk accepts the voter's application for a ballot to be voted by mail or the date the ballots become available for mailing, except that if that mailing date is earlier than the 45th day before election day, the balloting materials shall be mailed not later than the 38th day before election day.

(b) For the general election for state and county officers, the balloting materials for a voter who indicates on the application for a ballot to be voted by mail or the federal postcard application that the voter is eligible to vote early by mail as a consequence of the voter's being outside the United States shall be mailed on

---

**3.** This is now called early voting by mail. *See generally* TEX ELEC.CODE ANN. § 86.004 (West 2010).

or before the later of the 45th day before election day or the seventh calendar day after the date the clerk receives the application. However, if it is not possible to mail the ballots by the deadline of the 45th day before election day, the clerk shall notify the secretary of state within 24 hours of knowing that the deadline will not be met. The secretary of state shall monitor the situation and advise the clerk, who shall mail the ballots as soon as possible in accordance with the secretary of state's guidelines.

TEX. ELEC.CODE ANN. § 86.004 (West 2010).

The general election is on Tuesday, November 2, 2010. Section 86.004 provides that early voting by mail is to begin on the 45th day before the general election. The Texas Secretary of State's Election Advisory 2010–06 sets the November 2, 2010 election law calendar.[4] In accordance with section 86.004, the Secretary of State set the deadline to mail an early voting ballot as September 18, 2010, the 45th day before November 2, 2010. Sherbet's affidavit states that mailing of the ballots has begun and that over 9000 ballots have been mailed.

▮▮ Although Sepulveda contends Sherbet's affidavit is not properly before the Court, we conclude otherwise.[5] "The mootness doctrine implicates subject matter jurisdiction." *Trulock v. City of Duncanville,* 277 S.W.3d 920, 923 (Tex.App.-

Dallas 2009, no pet.). "Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones,* 1 S.W.3d 83, 86 (Tex.1999). "Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction." TEX. GOV'T CODE ANN. § 22.220(c) (West Supp. 2010). We conclude, therefore, that Sherbet's affidavit is cognizable for purposes of determining whether this appeal is moot. *See Seals v. City of Dallas,* 249 S.W.3d 750, 754–55 (Tex.App.-Dallas 2008, no pet.).

Because early voting ballots have already been mailed in accordance with the statutory time limits, we conclude the appeal became moot on September 18, 2010. *See Polk,* 145 Tex. at 204, 196 S.W.2d at 634; *Salazar,* 931 S.W.2d at 60; *Moore,* 718 S.W.2d at 926; *Gutierrez,* 2000 WL 33225302, at * 1.

As to Sepulveda's complaint that determining the appeal is moot would be the "height of unfairness" because he did what he was supposed to, the procedural history of the appeal suggests otherwise. Sepulveda did not ask the trial court to set a record-filing deadline until almost one month after the appeal was filed. He made partial payment for the reporter's record on August 2, 2010, a week after he filed his notice of appeal. However, he did not make the second payment for the reporter's record until August 26, 2010, one

---

4. The Texas Election Code provides that the Secretary of State has the responsibility to obtain and maintain uniformity in the application, operation, and interpretation of the election code and of the election laws outside this code. In performing that duty, the secretary is to prepare "detailed and comprehensive written directives and instructions relating to and based on" the code and the election laws outside the code, and to distribute them to the appropriate state and local authorities having duties in the administra-

tion of the election laws. TEX. ELEC.CODE ANN. § 31.003 (West 2010). Election Advisory 2010–06, which sets out the November 2, 2010 Election Law Calendar, contains such written instructions regarding the election.

5. Sepulveda filed a motion to strike Sherbet's affidavit on September 27, 2010. Medrano filed a response to the motion to strike on September 28, 2010.

month after the appeal was filed. Sepulveda did not pay for the clerk's record until September 15, 2010, nearly two months after the notice of appeal was filed and three days before the appeal became moot.

Additionally, contrary to his assertion that one of his mandamus petitions sought to require the judge to set a record due date, that "petition for injunction" sought an order to stay the printing of the ballot until this Court ruled on the accelerated appeal. In the petition, Sepulveda mentioned he had filed a motion to set the deadline for the record, which the judge did not rule on until August 26, 2010, and then only after counsel sent the trial judge an e-mail saying counsel would file a petition for writ of mandamus if the judge would not rule on the motion. The second mandamus related to the court reporter and was filed after this Court had already issued an order giving the court reporter a deadline. That petition complained primarily about the court reporter requiring additional monies for the record above the $6400 Sepulveda had already paid. Sepulveda could have handled both of these issues, regardless of the relief to which he might have been entitled, by filing motions in the appeal rather than by filing original proceedings.

Finally, Sepulveda failed to pay for the clerk's record until September 15, 2010. This appeal could have proceeded without the reporter's record. *See* Tex.R.App. P. 37.3(c). However, without the clerk's record, the appeal would have been dismissed. *See* Tex.R.App. P. 37.3(b). Because Sepulveda did not pay for the clerk's record until September 15, 2010, the record was not filed until September 21, 2010, which was after the appeal became moot. Therefore, despite all his complaints about how the appeal was docketed in this Court and what the trial court and court reporter did

or did not do, Sepulveda's failure to pay for the clerk's record until September 15, 2010 made it impossible for this Court to hear the appeal before it became moot.

### Conclusion

Because early voting by mail began on September 18, 2010, we conclude this appeal is moot. We dismiss the appeal.

No motions for rehearing will be entertained. *See* Tex. Elec.Code Ann. § 232.014(e) (West 2010).