

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00599-CV

Homer **MALDONADO**,
Appellant

v.

Salvador **JOHNSON** Sr.,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2018CVK001209D2
Honorable John D. Gabriel, Jr., Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Irene Rios, Justice

Delivered and Filed:  September 21, 2018

MOTION FOR EXPEDITED DISPOSITION GRANTED; DISMISSED AS MOOT

This appeal arises from Homer Maldonado's contest of his primary runoff election against Salvador Johnson Sr. The sole relief Maldonado seeks in this appeal is a new primary runoff election to determine whether he or Johnson will be the candidate placed on the ballot for the November 6, 2018 general election. Because granting Maldonado the relief he requests would deprive election officials of sufficient time to comply with the deadlines for the general election, we dismiss this appeal as moot.

## BACKGROUND

In the March 2018 Democratic primary election for Justice of the Peace, Precinct 3, of Webb County, Maldonado and Johnson received the highest number of votes out of five candidates. Maldonado and Johnson were then placed on the ballot for a primary runoff election on May 22, 2018. Johnson received 324 reported votes, and Maldonado received 313 reported votes. As per a June 4, 2018 recount, Johnson prevailed by a margin of 10 votes.

Maldonado filed an election contest in district court in Webb County, challenging the primary runoff election on the grounds that several of the votes were invalid. Maldonado filed his petition for an election contest on June 15, 2018. Johnson filed his original answer on June 26, 2018, and the case proceeded to a two-day bench trial starting on August 14, 2018. On August 23, 2018, the trial court signed an order denying Maldonado's contest. Maldonado timely filed a notice of appeal on August 24, 2018.

The complete record in this appeal was filed on August 30, 2018. On September 12, 2018, Maldonado filed an "emergency motion for expedited appellate briefing schedule and disposition of case." In the motion to expedite, Maldonado explained this appeal would become moot if this court was "unable to decide this appeal in time for election officials to comply with the statutory deadlines for preparing and conducting the general election." The motion was granted as to the expedited briefing schedule only. The briefing was complete after the close of business on September 17, 2018. Both parties have requested oral argument.

## MOTION TO EXPEDITE DISPOSITION OF THIS APPEAL

Still pending before this court is appellant's request to expedite the disposition of this appeal and decide this appeal by September 21, 2018. Generally, the appellate court "clerk must send to the parties—at least 21 days before the date the case is set for argument or submission without argument—a notice telling the parties . . . whether the court will allow oral argument or

will submit the case without argument." *See* TEX. R. APP. P. 39.8(a). We construe Maldonado's request to expedite disposition of this appeal as a motion to waive the 21 days' notice provided in Rule 39.8(a). *See id.* We grant the motion and proceed to consider this appeal on the parties' briefs without oral argument. Although we grant Maldonado's motion to expedite the disposition of this appeal, we nevertheless cannot grant the relief requested—a new primary runoff election—for the reasons set forth below.

### APPELLATE JURISDICTION

After the June 4, 2018 recount, Johnson's margin of victory was ten votes. Maldonado challenged the validity of numerous votes in the election. The trial court signed a judgment, determining eight of the challenged votes were invalid and nine of the challenged votes were valid, and rejecting Maldonado's challenges to votes based on defects in voter registration applications. On appeal, Maldonado argues the trial court erred by rejecting his challenges to the voter registration applications, and by finding several of the nine votes were valid. In his appellee's brief, Johnson argues the trial court erred by finding that several of the challenged votes are invalid. The sole relief Maldonado seeks on appeal is a new primary runoff election.

Maldonado's motion to expedite this appeal raises an issue regarding our appellate jurisdiction. Even if an election contestant might have good cause or grounds for a contest, an appellate court deciding an appeal of an election contest must determine whether it has jurisdiction to reach the merits of the election contest. *See generally Sepulveda v. Medrano*, 323 S.W.3d 620 (Tex. App.—Dallas 2010, no pet.); *Peña v. Hernandez*, No. 13-10-00342-CV, 2010 WL 3722245, at *1 (Tex. App.—Corpus Christi Sept. 20, 2010, no pet.) (per curiam) (mem. op.) (citing additional authorities). We lack jurisdiction to address the merits of an appeal if the election contest becomes moot and the issues are no longer justiciable. *State ex rel. Best v. Harper*, No. 16-0647, 2018 WL 3207125, at *2 (Tex. June 29, 2018).

"An election contest becomes moot, and the issues no longer justiciable, when a final judgment adjudging the validity or invalidity of a candidate's certificate of nomination is not entered in time for election officials to comply with the statutory deadlines for preparing and conducting the general election, or when absentee balloting has begun during the pendency of the appeal." *Salazar v. Gonzales*, 931 S.W.2d 59, 60 & n.1 (Tex. App.—Corpus Christi 1996, no writ) (citing authorities). Even when absentee balloting has not begun during the pendency of an appeal, an election contest may become moot if the start of the general election is imminent. *See Peña*, 2010 WL 3722245, at *2 (citing *Salazar*, 931 S.W.2d at 60). A general election is imminent if it would deprive "election officials of sufficient time to comply with the statutory deadlines for preparing and conducting the general election" and thereby "interfere with the ordinary process" of an election. *Id.* Consequently, the right to appeal a trial court's judgment in a contest of a primary runoff election can become illusory given the time constraints involved. *See Salazar*, 931 S.W.2d at 60.

The time constraints involved in such an appeal are even more constraining when, as here, the statutory deadlines for the election contest in the trial court are not strictly followed. Chapter 232 of the Texas Elections Code sets very short deadlines for a contest of a primary runoff election. *See* TEX. ELEC. CODE ANN. § 232.008(c)(1) (West Supp. 2017), § 232.012 (West 2010). Section 232.0008(c) provides a petition contesting a primary runoff election must be filed "not later than the 10th day after the date the official result is determined." *Id.* § 232.008(c)(1). The trial court must "set the contest for trial for a date not later than the fifth day after the date by which the contestee must answer," which is the fifth day after the date the contestee is served. *Id.* § 232.012(c), (d). Section 232.012 also contemplates the contestee will be served within ten days of the issuance of the summons and that the contestant will immediately notify the trial court of the filing of an election contest. *Id.* § 232.012(b), (c). The trial court "may not grant a continuance

in the trial except: (1) one time for a period not exceeding 10 days for good cause supported by the affidavit of a party; or (2) with the consent of the parties." *Id.* § 232.012(e). Thus, chapter 232 contemplates that a trial in a contest of a primary runoff election will occur within thirty days, or forty days if the trial court granted a one ten-day extension.

Several statutory deadlines were not met in this case, and the trial of this case did not start until August 14, 2018, which was approximately one month longer than the one-month period contemplated by chapter 232. Although the parties provide explanations for the failure to comply with the statutory timelines for the trial court proceedings, those explanations do not abate the additional time constraints created by the delay in the trial court. *See Salazar*, 931 S.W.2d at 60. We further note that although Maldonado promptly filed his notice of appeal within a day of the trial court's judgment, and the record on appeal was filed six days later, he did not request expedited briefing and disposition in this appeal until approximately two weeks later, after the close of business of this court on September 12, 2018.

In his motion to expedite, Maldonado explained this appeal necessarily would become moot on Saturday, September 22, 2018, which is forty-five days from the general election date, and the day after early voting ballots must be mailed. *See* TEX. ELEC. CODE ANN. § 86.004 (West Supp. 2017). Maldonado asserted in his motion, "Despite this short period of time, however, the trial court could still schedule a new election if this Court overturns the trial court's decision." Maldonado explains:

> Specifically, if Appellant is successful in his appeal, the trial court will have to order a new election. TEX. ELEC. CODE § 231.007(a). Most importantly, "[t]he district court may set the election for a date ***that shortens the regular period for early voting***, but the date must make it possible for early voting by personal appearance to begin ***not later than the 10th day [before] election day*** [November 6, 2018]." TEX. ELEC. CODE § 231.007(c) (emphasis added). Thus, if this appeal is expedited, this Court could render a decision in enough time for the trial court to order a new election within the statutory deadlines for preparing and conducting the general election. In this case, and if a new election is necessary, the trial court

> could shorten the early voting by personal appearance to begin on October 27, 2018. To the extent any paper ballots need to be changed, the Webb County Elections Department would arguably have adequate time to resend any absentee paper ballots with Appellant's name on or before October 27, 2018. In fact, according [to] the Texas Secretary of State, the last day to apply for a ballot by mail is October 26, 2018 (which must be received, not postmarked).

Maldonado's explanation implies that if we were to reverse and order a new election, section 231.007(c) would authorize the trial court to shorten the regular period for early voting in the general election. We disagree. Section 231.007(c) provides:

> The district court may set the election for a date that shortens the regular period for early voting, but the date must make it possible for early voting by personal appearance to begin not later than the 10th day before election day. In the order setting the date for the election, the court shall also set the date for beginning early voting by personal appearance if it is not possible to begin on the regular day.

Section 231.007 is titled, "Procedures for New Election Generally" and its other provisions demonstrate the legislature's intent that "election day" in subsection (c) is the day of the new primary runoff election, not the election day of the general election. *See id.* § 231.007(c); *see also Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018) (setting out rules of statutory construction). Maldonado's only explanation for how the trial court could schedule a new primary runoff election assumes that a new primary runoff would necessarily interfere with the ordinary process of the general election and deprive election officials of sufficient time to comply with the statutory deadlines for preparing and conducting the general election. *See Peña*, 2010 WL 3722245, at *2 (citing *Salazar*, 931 S.W.2d at 60).

The Texas Elections Code provides how and when a primary runoff election must be conducted. *See, e.g.*, TEX. ELEC. CODE ANN. §§ 2.026, 231.007 (West 2010); §§ 86.004, 172.1112, 172.116 (West Supp. 2017). It is not possible to conduct and conclude another primary runoff election, and to place the winner of that election on the general election ballot, before voting begins in the general election. *See id.* §§ 86.004, 85.001 (West 2010). Even if we were to reverse the trial court's judgment and the trial court were to order a new primary runoff election, there is

insufficient time to conduct a new primary runoff election without interfering with the ordinary process of the general election. Because ordering a new primary runoff election would deprive election officials of sufficient time to comply with the deadlines for preparing and conducting the general election, the general election is too imminent to order a new primary runoff election. *See Peña*, 2010 WL 3722245, at \*2 (considering deadlines for the general election in determining whether the general election was imminent).

## CONCLUSION

Because the only relief requested by Maldonado cannot be effectuated, we conclude this appeal is moot. Accordingly, we dismiss this appeal as moot. The mandate in this appeal shall issue immediately. *See* TEX. R. APP. P. 18.6 (providing in an accelerated appeal, that court of appeals may issue mandate with the judgment).

PER CURIAM