

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID LANDERSMAN, | § | No. 08-24-00318-CV |
| Appellant, | § | Appeal from the |
| v. | § | 143rd Judicial District Court |
| LEROY MEDLIN, | § | of Loving County, Texas |
| Appellee. | § | (TC# 24-03-1107) |

## **O P I N I O N**

This is an appeal from an election contest challenging the result of the March 5, 2024, Republican primary for Sheriff/County Tax Assessor-Collector of Loving County. Leroy Medlin filed the challenge having lost the election by three votes to David Landersman. The trial, which was consolidated with the election contest for the Republican primary for Constable of Loving County, spanned several days over two months (May 20–23, June 5–7, and June 11–12). In an August 16, 2024, Final Judgment, the trial court found, based on clear and convincing evidence, that 14 of the challenged voters "listed as registered voters, did <u>not</u> qualify as residents of Loving County, Texas, and therefore were <u>not</u> eligible to vote in the Republican Primary election of March 5, 2024" (emphasis original). After deducting the 14 illegal votes cast, the court was unable to determine the true outcome of the election. Accordingly, the court declared the election void and

ordered a new primary election to be held under the Loving County Clerk's supervision. The trial court issued a 50-page Findings of Fact and Conclusions of Law.[1]

A notice of appeal was filed with the Loving County Clerk on August 21, 2024, and received by this Court on August 22, 2024. Concerned that the appeal was moot due to timing, we issued an order asking the parties to brief this Court's ability to address the appeal. Both parties responded, agreeing that this Court does not have the time to resolve their issues on the merits, making the election-contest appeal moot. But they disagree about whether the trial court judgment should be set aside. Appellee Medlin advocates that we dismiss the appeal as moot and leave the lower court's judgment intact. Appellant Landersman asks that we vacate the judgment below, leaving the parties to proceed as if the election challenge never happened. After careful consideration of the parties' briefing and applicable law, we find that the appeal is moot and set aside the trial court's judgment on the election contest.

The general rule is when a case is moot, all orders entered by the trial court must be set aside, including its judgment, and the case must be dismissed. *Carrillo v. State*, 480 S.W.2d 612, 619 (Tex. 1972) (Calvert, C.J., concurring) (collecting cases). This is true for election contests too. *See, e.g.*, *Polk v. Davidson*, 196 S.W.2d 632, 634 (Tex. 1946) ("[A]n election contest is moot, under the foregoing rule, unless it can be finally disposed of on its merits in the court of civil appeals in time 'to meet our * * * absentee voting statutes.'" (quoting *Taylor v. Nealon*, 120 S.W.2d 586, 588 (Tex. 1938))); *Leal-Hudson v. Ketterman*, No. 01-22-00344-CV, 2022 WL 20564031, at *4 (Tex. App.—Houston [1st Dist.] Aug. 24, 2022, no pet.) ("If a case becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); *Greene v. Gregg*, 520 S.W.2d 924, 927 (Tex. App.—Tyler 1975, no writ) ("Where a controversy

---

[1] These are the only pleadings in our file—the Clerk's Record and Reporter's Record have as of the date of this opinion not been filed.

becomes moot while a cause is pending in an appellate court, so that no effective relief can be given to either party to the appeal, it is the duty of the appellate court to vacate the proceeding out of which the controversy arose, reverse the judgment of the trial court and dismiss the asserted cause of action." (citing *Isbell v. Rednick*, 193 S.W.2d 736, 737 (Tex. App.—Waco 1946, no writ)).

*Taylor* involved a case on point in which the Texas Supreme Court reversed this Court's judgment in an election contest involving a primary. *Taylor*, 120 S.W.2d at 588. There, this Court determined the appeal was moot based on time constraints but affirmed the trial court's judgment (which flipped the winner of the primary to the contestant). *Id*. The Texas Supreme Court reversed, stating:

> On such a record the entire contest proceedings became moot—not merely the appeal. To give effect to the ruling announced by the Court of Civil Appeals in this case would be to take from the person shown on the face of the returns to have received a majority of the votes cast the valuable vested property right resulting therefrom without giving him the full and final judicial hearing provided by law. Obviously, to do that would be to take from him his property without due process of law (internal citations omitted).

*Id*.

Appellee asks that we chart a different course from *Taylor* (and cases like it). Yet we are constrained by vertical stare decisis that commands we abide by the decisions of the courts above us. *See Abbott v. City of El Paso*, No. 08-21-00149-CV, 2021 WL 5903927, at *3 (Tex. App.—El Paso Sept. 30, 2021, no pet.) (Alley, J., concurring) (per curiam) (collecting authority of duty of court to follow precedent of higher court decisions); *see also* Amy Coney Barrett, *Precedent and Jurisprudential Disagreement*, 91 TEX. L. REV. 1711, 1712 (2013) ("Vertical stare decisis is an inflexible rule that admits of no exception."). We acknowledge that in abiding by Texas Supreme Court precedent from an earlier era, Appellee's ability to challenge the holding in *Taylor* (and cases like it) is constrained by a newer provision of the Texas Election Code that limits Texas Supreme Court review. *See* Tex. Elec. Code Ann. § 232.014(f) ("The decision of the court of

appeals is not reviewable by the supreme court by certified question or any other method."). But this is an anomaly that calls for a legislative fix.

The Election Code dictates a tight timetable for prosecuting an election contest of a primary election. The challenge must be filed within 15 days of the official result. *Id.* § 232.008(c)(1). The contestee must answer within five days. *Id*. § 232.012(c). The case should be set for trial within five days of the answer, with the option of only one 10-day continuance. *Id*. § 232.012(c), (d). When these (and the several other provisions intended to expedite the case) fail to produce a judgment that a court of appeals can review, there must be a consequence. But until the Legislature directs a consequence different from *Taylor*, we are constrained to follow the directive of the Texas Supreme Court.

We therefore vacate the Final Judgment of the trial court below as moot and dismiss the appeal as moot. We decline to entertain a motion for rehearing in this case. Tex. Elec. Code Ann. § 232.014(e).

IT IS SO ORDERED THIS 3RD DAY OF SEPTEMBER 2024.

PER CURIAM

Before Alley, C.J., Palafox and Soto, JJ.