## STATE ex rel. CLINE et al. v. NORRIS et al.

### No. 9596.

Court of Civil Appeals of Texas. Galveston.
Oct. 30, 1930.

Paul D. Page, Jr., of Austin, for appellant.

J. H. H. Dennis and J. H. H. Dennis, Jr., both of Wharton, for appellees.

PLEASANTS, C. J.

This appeal is prosecuted from an order of the judge of the district court of Wharton county, made in chambers, denying a temporary injunction applied for by appellant in a quo warranto proceeding instituted under the provisions of article 3173 of the Revised Statutes (1925) to prevent the appellee John Norris from having his name placed on the official ballot in the general election to be held on November 4, 1930, as the candidate of the White Man's Union Association for the office of county judge of Wharton county.

The quo warranto proceeding was instituted in strict compliance with the statute governing such proceedings.

Upon consideration of the petition on October 6, 1930, the district judge ordered it filed, and granted plaintiff's application for a restraining order pending a hearing on the application for injunction, which was had on October 11, 1930. On the hearing for injunction the judge, after due consideration of the pleadings and evidence, dissolved the restraining order theretofore issued and refused to grant the plaintiff's prayer for temporary injunction.

We deem it unnecessary for the purposes of this opinion to make any lengthy or detailed statement of the pleadings or evidence. The only ground or grounds upon which plaintiff claims the right to a temporary injunction to prevent "irreparable injury to the state" by the name of John Norris being placed on the official ballot in the general election as the candidate of the White Man's Union Association for the office of County Judge of Wharton County is thus stated in the petition:

"That in purported compliance with the requirements of law, said John Norris, being then and there a candidate for the nomination of the White Man's Union Association of Wharton County, on or about the 28th day of June, A. D. 1930, filed or caused to be filed, with the County Clerk of Wharton County, one purported statement with respect to receipts and disbursements in the campaign and on behalf of his said candidacy, which statement, a certified copy of which is hereto attached, marked Exhibit D, and made a part of this petition, so filed by him was and is the only statement so filed by him.

"That said statement does not contain an affidavit by the said John Norris as follows: (Here follows copy of the affidavit required by the statute.)

"That the said statement does not set forth that it is as full and explicit as the party making it is able to make.

"That in the making, filing and verification of statement aforesaid, and by failure to file other statements required by law, said John Norris knowingly violated the laws of the State of Texas, and specifically the provisions of article 3172 of the Revised Civil Statutes.

"That because of said violations of law, the said John Norris has forfeited his right to have his name placed on the official ballot at the general election to be held on November 4, 1930."

Exhibit D, referred to in the petition, is as follows:

"Exhibit 'D.'"

"Wharton, Texas, June 28th, 1930.

"Before me, the undersigned authority, on this day personally appeared John Norris, to me well known, who after being by me duly sworn, deposes and says:

"I am a Candidate for the office of County Judge of Wharton County, Texas, in the White Man's Union Primaries to be held on the 26th day of July, 1930, and as such have expended the following funds in my campaign to date.

| | |
|---|---|
| Announcement fee (four papers) | $40.00 |
| Announcement fee (one paper) | 5.00 |
| Campaign Cards | 5.50 |
| Total | $50.50 |

"John Norris.

"Sworn to and subscribed before me, this 28th day of June, 1930.

"F. L. Kral, County Clerk,
Wharton County, Texas."

It is shown by the sworn pleadings of the parties that the White Man's Union Association of Wharton county is a political party without a state organization, and held its primary elections for the nomination of county officers for Wharton county on July 26 and August 23, 1930, respectively; that in the August primary the respondent John Norris was duly nominated as the candidate of said

party for the office of county judge of Wharton county, and his name has been duly certified to the county clerk as such nominee, and an application to have his name printed on the official ballot in the general election as the candidate of his party for the office of county judge, signed and sworn to by more than 3 per cent. of the entire vote cast in the county at the last general election, has been made to the county judge, as required by article 3163 of the Revised Statutes (1925).

By their pleading in the lower court and briefs filed in this court, the appellees contest the right of appellant to maintain this suit and to have the temporary injunction granted as asked in the petition on the grounds that the statute under which appellant's suit is brought has by its express terms no application to candidates for nomination in the primary held by the White Man's Union Association of Wharton county for the nomination only of candidates for county offices and that in no event under the facts disclosed by this record can it be held that the district judge was authorized to grant the appellant a temporary injunction, the effect of which would have concluded respondent's right to have his name placed upon the ballot as the candidate of his party without giving him a trial upon the merits of the controversy.

██ We think both of these defenses to the suit should be sustained. Article 3173 of our Revised Statutes, under which appellant's suit is brought, is found in chapter 14 of the Revised Statutes of 1925. The first article in the chapter, article 3168, defines the word candidate as used in the succeeding articles of the chapter as follows: "The word 'candidate' shall mean any person who has announced to any other person or to the public that he is a candidate for the nomination for any office which the laws of this State require to be determined by a primary election."

The articles of this chapter are taken from the Acts of the 36th Legislature, chapter 88, page 139, known as the Corrupt Practice Act, which contains many detailed inhibitions against the expenditure of money by a candidate for nomination for any office "which the laws of this State require shall be determined by a primary election," and requiring each candidate to make and file at stated times during the campaign and after its termination an itemized and verified statement of all moneys expended by him for campaign purposes.

At the time this statute was passed, August 20, 1919, the statute of this state providing for the holding of primary elections for the nomination of candidates for office only required such nomination to be determined by a primary election when the candidates were those of an organized political party that cast one hundred thousand or more votes at the last preceding general election. Revised Statutes (1925), articles 3100 and 3101.

This statute also provides (article 3154) that political parties whose candidates for Governor received ten thousand, and less than one hundred thousand, votes at the last preceding general election, may nominate candidates for state, district, and county offices by a primary election or by a party convention called and held as directed by the statute.

Article 3163 of the Statute, under which the White Man's Union Association held the primary in which the respondent Norris was nominated, contains the following provisions: "Art. 3163. (3169) *Parties without State organization.*—Any political party without a State organization desiring to nominate candidates for county and precinct offices only may nominate such candidates therefor under the provisions of this title by primary elections or by a county convention held on the legal primary election day, which convention shall be composed of delegates from various election precincts in said county, elected therein at primary conventions held in such precincts between the hours of eight a. m. and ten p. m. of the preceding Saturday. All nominations made by any such parties shall be certified to the county clerk by the chairman of the county committee of such party, and, after taking the same course as nominations of other parties so certified, shall be printed on the official ballot in a separate column, headed by the name of the party; provided, a written application for such printing shall have been made to the county judge, signed and sworn to by three per cent. of the entire vote cast in such county at the last general election."

We hardly think the Legislature could have more plainly expressed its intention to limit the forfeiture of a candidate's right to have his name placed on the official ballot, as provided in article 3173, to candidates of an organized political party that cast one hundred thousand or more votes at the last preceding general election, and to exempt from such penalty candidates of a political party without a state organization and which only holds a primary for the nomination of candidates for county and precinct offices. We need not speculate as to why the Legislature saw fit to make this distinction. The fact that such distinction is made by the statute is conclusive of this controversy.

That the Legislature knew what it was doing when it made this distinction as to the forfeiture penalty provided for in article 3173 is clearly shown by the fact that, when it came to place in the Penal Code the provisions of the act of 1919 prohibiting and providing punishment for the excessive or wrongful expenditure of money by candidates in a primary election, it changes the definition of the word "candidate" as given in the Civil Statutes before quoted and defines the word as used in the articles of the Penal Code as meaning a candidate for the nomination for

any office which the laws of this state permit to be determined by a primary election. Pen. Code 1925, art. 262.

As we have before said, we also agree with appellees that the trial court was not required, if authorized, to grant a temporary injunction which would have the effect of a final determination of the controversy without giving appellee a final trial upon the merits of the case.

Under the situation disclosed by the record a final trial of the case before the holding of the general election on November 4, 1930, is and was impossible when this proceeding was filed on October 6th, because there will not be a term of the district court of Wharton county until the 15th day of December. The appellees cannot be deprived of their substantial rights because of this situation for which they are in no way responsible.

In providing for the forfeiture of a candidate's right to have his name placed on the ticket in the general election, and directing that quo warranto proceedings to enforce such forfeiture should be brought in the district court of the county in which the election is to be held, it evidently escaped the attention of the Legislature that in many of the counties of this state the district court of the county could not convene so as to hear such proceedings between the date of primary and general elections, and failed to provide for such situation by authorizing the bringing of the proceedings in some other district court. This omission in the statute cannot be cured by the conversion of the statutory remedy of quo warranto to a remedy by temporary injunction.

This view of the question is sustained by the Court of Civil Appeals for the Fourth District in the well-considered opinion in the case of Staples v. State ex rel. Eubanks, 244 S. W. 1068, 1069.

It follows from these conclusions that the judgment of the trial judge must be affirmed.

Affirmed.