**The STATE of Texas ex rel. Noble JOHNSON, Appellant,**

v.

**Louis OTTER et al., Appellees.**

No. 14457.

Court of Civil Appeals of Texas.

Houston.

May 26, 1964.

Fred Carver, Beaumont, for appellant.

McCall & McCall, Hamshire, Everett B. Lord, Walter Sekaly, Beaumont, for appellees.

BELL, Chief Justice.

This is an appeal in an election contest. The appellant, Noble Johnson, who was a candidate for the office of Sheriff of Chambers County in the Democratic Primary election held May 2, filed a suit May 8 contesting the election. On a basis of the returns Louis Otter received a majority of the votes cast. The members of the County Democratic Executive Committee were permitted to intervene. On May 18 special exceptions to the appellant's petition were sustained, and on the 19th of May appellant filed his first amended original petition. Intervenors and the defendant, Louis Otter, filed answers containing numerous special exceptions to this amended petition. These exceptions were sustained by the trial court on May 22. Appellant refused to amend whereupon judgment was rendered dismissing the suit with prejudice. It is this judgment from which an appeal has been taken. Appellant timely gave notice of appeal, filed his appeal bond and this day filed his transcript in this Court.

At the same time he filed his motion for a preferred setting.

 We refuse the motion for a preferred setting and dismiss the appeal because the appeal is moot.

We know that the runoff primary is by law to be held June 6. We also know the date for commencement of absentee voting is tomorrow, May 27. Article 5.05, Subd. 16, of the Election Code, V.A.T.S.

This is an appeal from a judgment sustaining exceptions to the petition and dismissing the petition. We cannot possibly set the case for submission, give time for preparation of briefs, take submission and decide the appeal on its merits before commencement of the time for absentee voting. Even if we could do all this and should determine the trial court erroneously sustained the special exceptions, it would not be possible for the trial court to hear the case on its merits prior to the commencement of absentee voting. The voters have a valuable right under the statutes to have absentee ballots printed and available to them at the prescribed time. Polk v. Davidson et al., 145 Tex. 200, 196 S.W.2d 632, and authorities there cited.

The appeal is dismissed.