Jerry SHAW, Appellant,

v.

A. L. (Curly) MILLER et al., Appellees.

No. 14751.

Court of Civil Appeals of Texas.

Houston.

Oct. 28, 1965.

————◆————

Robert H. Cowie, Houston, for appellant.

Sears & Burns, Robert L. Burns, Houston, for appellee A. L. (Curly) Miller.

BELL, Chief Justice.

This is an appeal from a judgment of the trial court dismissing appellant's petition for a writ of injunction, it being of the view that it was without jurisdiction.

Appellant filed his petition against Mrs. M. H. Westerman, City Secretary of the City of Houston, and A. L. (Curly) Miller. In his petition he alleges that he has filed as a candidate for the office of Councilman, District B, of the City of Houston in the general election to be held November 20, 1965. The only other person who filed as a candidate for such office is Mr. Miller. It is then alleged that Mr. Miller is not entitled to have his name placed on the ballot because he was an opposed candidate for the same position at the general election held by the City of Houston November 16 and December 10, 1963, and that he wholly failed to comply with Articles 14.08(b) and 14.08 (f), V.A.T.S., as amended, which were in effect on the dates of said 1963 elections and which are in effect now. Section 14.08(b) requires such a candidate to file a sworn statement of all loans, gifts, etc., received by him in behalf of his candidacy. One shall be filed at a specified time before the election and another one must be filed within 10 days after the election. Article 14.08 (f) prescribes the form of the supporting affidavit and provides with what officers it shall be filed. It is then alleged that since Mr. Miller wholly failed to comply with these articles he thereby forfeited his right to have his name placed on the ballot as a candidate in the election to be held November 20, 1965, by reason of the provisions of Article 14.08(h), V.A.T.S. This latter section reads as follows: "Any candidate failing to file such sworn statement at the time provided or swearing falsely therein shall forfeit his right to have his name placed upon the ballot at any subsequent primary, special, or general election." Prayer is for an injunction enjoining Mrs. Westerman from including Mr. Miller's name in the drawing of candidates for positions on the ballot and from in any way causing Miller's name to be placed on the ballot. Mr. Shaw prayed that Mr. Miller be enjoined from doing any act, except through court action, attempting to have his name placed on the ballot.

In the trial court and here appellees assert the district court has no jurisdiction to grant injunctive relief but the only remedy available to prevent Mr. Miller's name from being placed on the ballot is through quo warranto brought by the State of Texas through its attorney general, or the proper District or County Attorney. The basis of this contention is the language of Article 14.09, V.A.T.S. This article in substance provides that proceedings by quo warranto to determine the right of any candidate alleged to have violated any provisions of Chapter Fourteen to have his name placed on the primary or general election ballot may be instituted in the district court by any citizen who may be entitled to vote for or against any candidate charged in such

proceeding with any such violation. Appellees say this is the exclusive remedy.

Appellant contends this is not the exclusive remedy, but Article 1.07, V.A.T.S., authorizes him as an interested party, that is, as a candidate for the same office, to maintain this suit for injunctive relief in the district court. Too, he asserts Article V, Section 8 of the Constitution, Vernon's Ann.St. and Article 4642, Vernon's Ann.Tex.Civ.St., give the district court jurisdiction.

The trial court sustained appellees' position and dismissed the case. We are of the view that the trial court correctly dismissed the case.

We must assume that 14.08(h) is applicable to the situation before us since the case comes to us purely on the question of whether the trial court was correct in holding it had no jurisdiction to try that issue in a suit brought only by appellant. We should not be understood as expressing an opinion as to whether it is applicable.

■ It is well established that a quo warranto proceeding under 14.09 cannot be maintained by an individual alone but must be brought by the State through its proper official. Staples v. State, 112 Tex. 61, 245 S.W. 639; State ex rel. Candler v. Court of Civil Appeals, 123 Tex. 549, 75 S.W.2d 253. Therefore, appellant could not alone maintain this suit under Article 14.09.

■ Appellant urges he may, however, sue alone as an interested party under Article 1.07. We are unable to agree. That article authorizes injunctive relief to enforce the provisions of Articles 1.05 and 1.06, V.A.T.S. These two articles deal with the eligibility of a candidate to *hold office* and provide in substance that one who is ineligible to hold office shall not be entitled to have his name placed on the ballot or have his vote counted. There is no contention here that Mr. Miller is not eligible to *hold office*. It is merely contended he is not entitled to have his name listed on the ballot. Article 14.08(h) does not provide that a person violating the provisions of Article 14.08 with regard to filing accounts shall be ineligible to hold office. It merely provides he forfeits his right to have his name appear on the ballot. We feel we are supported in such construction by the case of Thorp v. Murchison, 259 S.W.2d 614 (Tex.Civ.App.), no writ hist. Therefore, appellant's right to maintain suit under 1.07 is restricted to keeping the name of a proposed candidate off of the ballot when such person is ineligible to hold the office he seeks.

■ Article 14.09 is the statute to be employed where a violation of the provisions of Chapter Fourteen are charged in the suit. This chapter deals with the giving and reporting of campaign funds and their expenditure. This article has been held to provide the exclusive remedy for enforcing Article 14.08(h). Owen v. Longuemare et al., 268 S.W.2d 701 (Tex.Civ.App.). We are in agreement with that holding.

■ We deem Article 4642, V.A.T.S., and Article V, Section 8 of the Constitution inapplicable.

■ There is yet another reason why the case should have been dismissed, though such was not urged below. It is urged here as a reason we should affirm the judgment of dismissal. The cause was moot because it could not be disposed of prior to the time for the printing of ballots and the commencement of absentee voting. The suit was filed October 25, 1965. The election is to be held November 20, 1965. The time to begin absentee voting is November 1, 1965. Ballots must be printed in time to be available on that date. The trial and appellate process made available to the parties cannot be exhausted before that time. The cause is, therefore, moot and dismissal of the cause is proper. Sterling v. Ferguson, 122 Tex. 122, 53 S.W.2d 753; Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764; Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632; State ex rel. Cline v. Norris, 33 S.W.2d 850 (Tex.Civ.App.); State ex rel. Johnson v.

Otter, 379 S.W.2d 100 (Tex.Civ.App.), no writ hist.

Article 14.09 provides that a proceeding such as this shall be advanced and summarily heard and disposed of by the trial and appellate courts. While appellant proceeded improperly by injunction, we think this part of Article 14.09 applicable to any proceeding seeking to keep the name of a person off the ballot for allegedly violating Article 14.08(h). This gives us authority to refuse the filing of a motion for rehearing. Therefore, no motion for rehearing will be entertained. State ex rel. Candler v. Court of Civil Appeals, 123 Tex. 549, 75 S.W.2d 253.

Affirmed.