**Jerry P. McGEE, Appellant,**

v.

**Larry McKASKLE, Appellee.**

**No. 16272.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 15, 1973.

Rehearing Denied Oct. 16, 1973.

---

Peter Williamson, Houston, for defendant, Jerry P. McGee.

William A. Olson, City Atty., W. Lawrence Cook, Sr. Asst. City Atty. of Houston, for defendants City of Houston and City Secretary, Anna Russell.

Sears & Burns, Robert L. Burns, Will Sears, Houston, for appellee.

PEDEN, Justice.

Appeal from the granting of a temporary injunction restraining defendant Jerry P. McGee from holding himself out as a candidate for the position of Councilman District A of the City of Houston at the election to be held on November 6, 1973, and restraining defendants the City of Houston and its City Secretary, Anna Russell, from placing Mr. McGee's name on the ballot in such election.

This cause was filed by appellee Larry McKaskle, incumbent Councilman of District A of the City of Houston and candidate for re-election at the November 6 election. Mr. McKaskle's petition alleged, among other matters, that Mr. McGee is ineligible to be a candidate for such office or to hold it because on October 6, 1973 (thirty days before the election), when he filed his application as a candidate, he "was not and is not now a bona fide resident of District A" and that Section 5, Article V of the Charter of the City of Houston provides that no person shall be eligible as a candidate for Councilman, District A unless he is at that time a bona fide resident of District A. In the order granting the temporary injunction the trial court found that Mr. McGee was not eligible to be a candidate for the position in question or to hold that office.

The plaintiff's petition was filed in the trial court on October 9, 1973. The hearing was held on October 10, and the order granting the temporary injunction was signed and entered on October 11.

On Friday afternoon, October 12, appellant McGee filed in this court a transcript, an appeal bond and a motion for advancement of this cause on our docket. We granted that motion and oral submission was had on the morning of Monday, October 15. Appellant filed a brief on that date, and the appellee's request for permission to file a reply brief that afternoon was granted. A statement of facts had not yet been filed when this case was submitted to us. It has now been filed as has appellee's brief.

Absentee balloting in the election in question will begin on the morning of October 17. Ballots must be printed in time to be available on that date. The trial and appellate process made available to the parties cannot be exhausted before that time. Therefore the cause is moot and should be dismissed. Shaw v. Miller, 394 S.W.2d 701 (Tex.Civ.App.1965, writ ref. n. r. e.), citing Sterling v. Ferguson, 122 Tex. 122, 53 S.W.2d 753 (1932); Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764 (1932); Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632 (1946); State ex rel. Cline v. Norris, 33 S.W.2d 850 (Tex.Civ.App. 1930, no writ) and State ex rel. Johnson v. Otter, 379 S.W.2d 100 (Tex.Civ.App.1964, no writ).

In our case it does not appear that the trial court has yet held a final trial on the merits, i. e., to decide whether a permanent injunction should issue. It is clear that there is not enough time remaining for setting and hearing a final trial and for the unsuccessful party to exhaust his appellate rights before the ballots must be printed for voting on October 17. A temporary injunction should not be granted when the effect of doing so would be to determine rights without a trial. Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 464 (1952).

We reverse the order of the trial court and order the temporary injunction dismissed as moot. Any motion for rehearing in this cause will not be considered if filed later than noon on October 16, 1973.