John Wiley PRICE, Appellant,

v.

Jesse DAWSON et al., Appellees.

No. 20662.

Court of Civil Appeals of Texas, Dallas.

Nov. 11, 1980.

Kenneth H. Molberg, Law Offices of James C. Barber, Donald J. Maison, Jr., Dallas, for appellant.

William R. Allensworth, Haynes & Boone, Marshal W. Dooley, Kolodey, Thomas, Dooley, Maris & Lilly, William H. Pool, Asst. Dist. Atty., Dallas, for appellees.

Before CARVER, STOREY and HUMPHREYS, JJ.

PER CURIAM.

This is an appeal from an election contest. We do not reach the merits of the

case and dismiss the appeal because the issue is now moot. John Wiley Price ran for Constable, Precinct 8, Dallas County, Texas, in the Democratic Party primary in the spring of 1980, against a field of opponents. On June 7, 1980, a runoff election was held between Price and Jesse Dawson which Dawson, after requesting a recount, won by ten votes out of a total of 4094 votes cast. The Dallas County Democratic Executive Committee certified Jesse Dawson as the party's nominee on July 14, 1980, and Price contested the election on the basis of a change in the absentee vote totals and alleged improprieties in the handling of the absentee ballot box.

The trial court declared Dawson the winner on August 1, 1980, and signed its judgment to that effect on August 20. The record was filed in this court on September 15, 1980, and Price filed his appellant's brief on October 6, 1980, nine days before absentee balloting began, taking twenty–one days of his allotted thirty–day time period. Thereafter, on October 8, Price filed his motion to advance the cause on the docket pursuant to the mandatory provisions of Tex.Elec.Code Ann. art. 13.30(12) (Vernon 1967). We granted the motion and advanced the cause to the earliest available setting consistent with allowing appellee equal time to prepare his brief. Meanwhile, on October 15, 1980, absentee balloting began. Appellee, on October 20, filed his motion to dismiss the appeal as moot.

An election contest is moot if it would, with certainty, interfere with the printing of the official ballot, *Polk v. Davidson*, 196 S.W.2d 632 (Tex.1946); and a contest also is moot if absentee balloting has begun during the pendency of the appeal. *Skelton v. Yates*, 119 S.W.2d 91 (Tex.1938). Appellant agrees that the case is controlled by these authorities. Because absentee balloting began during the necessary pendency of this appeal, we conclude that the cause is now moot.

Dismissed.