**D.J. LERMA, Appellant,**

v.

**Ray RAMON, Appellee.**

**No. 13–88–484–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 17, 1988.

James P. Allison, Allison & Associates, Austin, for appellant.

E. Dale Robertson, Brian G. Janis, Asst. County Atty., Brownsville, William T. Deane, Harlingen, for appellee.

Before KENNEDY, SEERDEN and BENAVIDES, JJ.

## OPINION

PER CURIAM.

This is an accelerated appeal from an election contest. The trial court issued a permanent injunction and writ of mandamus prohibiting appellant and others from placing the name of Baldemar U. Alaniz on the November 8, 1988, general election ballot for the position of county judge as an independent candidate. We affirm.

The underlying scenario from which this appeal arises began on June 11, 1988. On that date the incumbent county judge died. As provided in the election code, the respective national parties each met in committee and selected a candidate for the position for the general election. Appellee was the candidate of the Democratic party. Mr. Alaniz then attempted to have his name placed on the ballot as an independent candidate by means of the petition provisions of the Texas Election Code. On July 11, 1988, Mr. Alaniz presented a petition containing in excess of 500 signatures to appellant, the acting county judge and requested that his name be placed on the ballot for the general election. Appellant reviewed the petition and certified Mr. Alaniz as an independent candidate to be placed on the ballot for the general election.

Appellee brought suit seeking to enjoin appellant and other election officials from certifying Mr. Alaniz's petition and from placing his name on the ballot as a candidate for the position of county judge. Appellee alleged in general that Mr. Alaniz's petition failed to contain the requisite number of signatures (500) due to a failure to comply with the requirements of the elec-

tion code for such petitions. A hearing was held at which time both parties presented evidence concerning the validity of the petition. At the conclusion of the hearing, the trial court entered a permanent injunction essentially proscribing the election officials from placing Mr. Alaniz's name on the November 8 ballot.

By three points of error, appellant complains that the injunction is improper and should be voided. Tex.Elec.Code Ann. § 142.004 (Vernon 1986) provides:

(a) to be entitled to a place on the general election ballot, a candidate must make an application for a place on the ballot.

(b) an application must, in addition to complying with § 141.031, be accompanied by a petition that satisfies the requirements proscribed by § 141.062.

Section 141.031 specifies the general requirements for a candidate's application for public office. Section 141.062 provides:

(a) to be valid, a petition must:

(1) be timely filed with the appropriate authority;

(2) contain valid signatures in the number required by this code; and

(3) comply with any other applicable requirements for validity prescribed by this code.

\* \* \* \* \* \*

The minimum number of signatures that must appear on a candidate's petition is set forth in § 142.007 which provides that for a district, county, or precinct office a candidate must have either 500 signatures or 5 percent of the total vote received in the district, county, or precinct by all candidates for governor in the most recent gubernatorial election. For the purposes of this appeal, the appropriate number of signatures is agreed to have been 500.

Section 141.063 sets forth the requirements of a valid signature on a petition. The section provides:

A signature on a petition is valid if:

(1) except as otherwise provided by this code, the signer, at the time of signing, is a registered voter of the territory from which the office sought is elected or has been issued a registration certificate for a registration that will become effective in that territory on or before the date of the applicable election;

(2) the petition includes the following information with respect to each signer:

(A) the signer's resident address;

(B) the signer's voter registration number and if the territory from which the signature must be obtained is situated in more than one county, the county of registration;

(C) the date of signing; and

(D) the signer's printed name

\* \* \* \* \* \*

Appellant argues that strict construction of these provisions of the election code is not mandated by the code. It is appellant's contention that Tex.Gov.Code Ann. § 311.002(3) (Vernon 1986); (Code Construction Act) and Tex.Elec.Code Ann. § 1.003(a) (Vernon 1986) require a liberal construction of the election code. The Code Construction Act specifies that the legislature intends and the courts are to interpret legislation to provide for a just and reasonable result. It is appellant's contention that applying these provisions to the code sections involved means that the petition need only contain sufficient information to allow verification if desired.

■ While we would agree that such a reasonable interpretation should be given to the provision of the election code, we do not believe that the provisions cited by the appellant allow for the total exclusion of the information required by the election code. Section 142.004 unequivocally states that an application *must* comply with the other sections of the code. It has been held that the word *must* as it appears in the election code means mandatory. *Cohen v. Strake,* 743 S.W.2d 366, 368 (Tex. App.—Houston [14th Dist.] 1988) (orig. proc.). Therefore, while we would agree that additional information which is not specifically required by the code, such as the word *Texas,* need not be included in a person's address, we do not believe that total omission of such information as the voter's registration number or the resident address entirely or the printed name or the

signature can be excused under the broad interpretation of the Code Construction Act.

We believe that the requirements for a petition for an independent candidate on the general ballot are correctly set forth in *Hoot v. Brewer*, 640 S.W.2d 758 (Tex.App. —Houston [1st Dist.] 1982) (orig. proc). In *Hoot* it was held that:

> An application of an independent candidate for a place on the general election ballot must comply with the mandatory provisions of V.A.T.S. Election Code.... Each signature on the application must be accompanied by the signer's address, the number of his voter registration certificate, and the date of signing it. The omission of any one of these items is fatal to that signature.

While we believe that the election code provisions should not be given ultra-technical construction, it is apparent that the legislature intended that the basic information prescribed by the code be provided before a signature can validly be counted on an election petition.

 Appellant's points of error two and three complain of the factual sufficiency of the evidence to support the trial court's implied finding that the temporary injunction should issue. No findings of facts or conclusions of law were requested or filed in this case. In a trial to the court where no findings of facts or conclusions of law are filed or requested, the judgment of the trial court implies all necessary findings of facts and support thereof. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (Per Curiam). Where the implied findings of facts are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). This is so regardless of whether the trial court articulates the correct legal reason for the judgment. *Gulfland Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939).

 We have carefully reviewed the statement of facts in this case and the exhibits. It is readily apparent from the exhibits that less than 500 of the signatures contained on the petition comply with the requirements of the Texas Election Code. Therefore, there is adequate evidence to support the trial court's implied finding that the petition was inadequate.

 Additionally, we are of the opinion that this appeal has become moot. Accompanying the brief of appellee is the affidavit of Tencha De La Pena, elections administrator for Cameron County. In her affidavit, Ms. De La Pena states that, as of October 11, 1988, she had mailed 1,133 absentee ballots for the election in question. An election commences when absentee balloting begins. *Skelton v. Yates*, 131 Tex. 620, 119 S.W.2d 91 (1938); *Board of Trustees of the Tobasco Consolidated Independent School District v. Edwards*, 311 S.W.2d 872 (Tex.Civ.App.—San Antonio 1958, no writ). It has long been the law that an election contest becomes moot and the issue no longer justicible once the election process begins. *See Polk v. Davidson*, 145 Tex. 200, 196 S.W.2d 632 (1946); *Taylor v. Nealon*, 132 Tex. 60, 120 S.W.2d 586 (1938); *Moore v. Barr*, 718 S.W.2d 925 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Price v. Dawson*, 608 S.W.2d 339, 340 (Tex.Civ.App.—Dallas 1980, no writ). Since the absentee balloting has begun, we believe that the election process has commenced which precludes appellant from obtaining the relief he seeks in this appeal

The judgment of the trial court is AFFIRMED. Pursuant to Tex.Elec.Code Ann. § 232.014(e) (Vernon 1986), no motion for rehearing may be filed in this cause.