**CONDITIONALLY GRANT; and Opinion Filed January 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00065-CV

## IN RE RAQUEL C. JONES, Relator

Original Proceeding from the 160th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-00482

## No. 05-18-00067-CV

## IN RE ANTHONY EILAND, Relator

Original Proceeding from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-00131

## No. 05-18-00068-CV

## IN RE STACI WILLIAMS, Relator

Original Proceeding from the 44th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-00641

# MEMORANDUM OPINION

Before Justices Francis, Evans, and Schenck
Opinion Per Curiam

These three election law cases all involve challenges to the composition of the Democratic

Party Primary Ballot in connection with the March 2018 primary election. On January 19, 2018,

on the eve of the deadline to mail absentee ballots for the March 6 primary election, three district court judges granted interlocutory injunctive relief in three different challenges to candidate petitions. Although the underlying lawsuits were filed at different times, all three orders issued during the course of the day on Friday, January 19, before the January 20 deadline for mailing official ballots to military and overseas voters under the federal Military and Overseas Voter Empowerment (MOVE) Act. Three original proceedings and requests for emergency relief were filed the evening of January 19. We stayed all three trial court orders, which reinstated the status quo, and we requested responses to the petitions for writ of mandamus. In the interim, the Dallas County Elections Administrator printed and mailed absentee ballots in accordance with federal law. The ballots included candidate names as determined by the Democratic Party prior to the district courts' orders. We now issue this opinion.

## Background

The district courts' orders each affected the make-up of the Democratic primary ballot, either by removing candidates or adding a candidate to the ballot. However, each case arose from slightly different facts, summarized below.

### A.    *In re Raquel C. Jones*, No. 05-18-00065-CV

Raquel C. Jones is a candidate in the Democratic primary election for the office of judge of the 203rd Judicial District Court of Dallas County, Texas. Jones's opponent in the Democratic Primary, incumbent Teresa Hawthorne, submitted her application for a place on the Democratic Party General Primary Ballot with the Dallas County Democratic Party (DCDP) on December 11, 2017. Jones challenged Hawthorne's application. Carol Donovan, Chair of the DCDP, accepted the challenge on January 8, 2018 and did not certify Hawthorne's name for placement on the March 6, 2018 primary ballot. Hawthorne then filed a lawsuit on January 16 against Donovan, the DCDP, and the Dallas County Election Administrator Toni Pippins-Poole under section 273.081 of the

Texas Election Code. Hawthorne sought a temporary restraining order requiring Donovan, the DCDP, and Poole to include Hawthorne's name on the March 6 Democratic Primary Ballot and a temporary and permanent injunction enjoining them from excluding Hawthorne's name from that ballot. Jones intervened. The trial court granted and signed a temporary restraining order on January 19 at 3:30 p.m.[1] Donovan, the DCDP, and Poole were ordered to include Hawthorne's name on the primary ballot. The trial court set bond at $100 and set the final trial date for May 7.

Jones filed this original proceeding at 4:55 p.m. on January 19. In this original proceeding, Jones sought emergency relief and a writ directing the trial court to vacate the temporary restraining order so Hawthorne's name would not appear on the primary ballot. This Court stayed the temporary restraining order and, thus, the primary ballots mailed on January 20 did not include Hawthorne's name as a candidate.

**B.** *In re Anthony Eiland*, **No. 05-18-00067-CV**

Anthony Eiland is a candidate in the Democratic primary election for the office of Justice of the Peace, Precinct 2, Place 1 of Dallas County, Texas. Eiland submitted his application to the DCDP on December 8 for a place on the primary ballot, and Donovan certified Eiland for the primary ballot. Eiland's Democratic opponent, Margaret O'Brien, challenged Eiland's application and signatures through a lawsuit filed on January 4. O'Brien sought a temporary restraining order and temporary injunction against Donovan and the DCDP under section 273.081 of the election code to prevent Eiland from being placed on the March 6 Democratic Primary ballot.[2] O'Brien also sought a declaratory judgment declaring Eiland's application and petition invalid for failure to obtain the required 250 valid signatures. At 4:15 p.m. on January 19, the district court granted

---

[1] We note the timing of certain events because the timing of the orders at issue is paramount in the Court's determination here.

[2] In the lawsuit, O'Brien also challenged the Republican candidate's application and signatures and sought injunctive relief to prevent his name from appearing on the Republican Party Primary ballot. O'Brien's dispute with Republican candidate Brian Hutcheson and the Dallas County Republican Party is not before this Court.

and signed a temporary injunction order enjoining Donovan and the DCDP from certifying Eiland's application and enjoining them from placing or allowing Eiland's name to appear on the March 6 Democratic Primary ballot. The trial court set bond at $500 and set the final trial date for February 7.

Eiland filed this original proceeding at 9:18 p.m. on January 19. In this original proceeding, Eiland sought emergency relief and a writ directing the trial court to vacate the temporary injunction so Eiland's name would appear on the primary ballot. This Court stayed the temporary injunction and, thus, the primary ballots mailed on January 20 included Eiland's name as a candidate.

## C.    *In re Staci Williams*, No. 05-18-00068-CV

Staci Williams is a candidate in the Democratic primary election for the office of judge of the 101st Judicial District Court of Dallas County, Texas and the incumbent. Williams submitted her application to the DCDP on December 10. Williams's Republican challenger in the general election, Michael G. Lee, together with the Dallas County Republican Party (DCRP), notified the DCDP and Donovan on December 16 that they believed Williams's petition was deficient and not appropriate for certification. Donovan certified Williams for the primary ballot. On January 16, Lee, the DCRP, and Missy Shorey, Chair of the DCRP, filed an application for a temporary restraining order and temporary injunction against Donovan and the DCDP under section 273.081 of the election code to require Williams be removed from the ballot for the March 2018 Democratic Primary election and from the ballot for the November 2018 general election. On January 19, the district court granted and signed a temporary restraining order enjoining Donovan and the DCDP from including Williams on the Democratic Primary ballot. The district court set bond at $500 and set the temporary injunction hearing for February 2.

–4–

Williams filed this original proceeding at 11:34 p.m. on January 19. In this original proceeding, Williams sought emergency relief and a writ directing the trial court to vacate the temporary restraining order so Williams's name would appear on the primary ballot. This Court stayed the temporary restraining order and, thus, the primary ballots mailed on January 20 included Williams's name as a candidate.

**Discussion**

In election disputes, parties may seek mandamus relief from this Court through a petition for writ of mandamus without first seeking relief in the trial court. *See* TEX. ELEC. CODE ANN. § 273.061 (West 2010) (authorizing the supreme court or courts of appeals to issue writs of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer"); *see also Fitch v. Fourteenth Court of Appeals*, 834 S.W.2d 335, 336 (Tex. 1992) (enjoining effect of the court of appeals' order removing candidate from primary ballot in order to protect supreme court's jurisdiction to review appellate court's mandamus order); *see also In re James Pikl*, No. 06-18-00003-CV, 2018 WL 387944, at *1 (Tex. App.—Texarkana Jan. 12, 2018, orig. proceeding) (seeking writ of mandamus in appellate court to decertify opponent as a candidate in the March 2018 Republican primary); *Smith v. Crawford*, 747 S.W.2d 938, 939 (Tex. App.—Dallas 1988, no writ) (writ of mandamus sought to remove candidates from primary ballot). Similarly, parties may bypass the intermediate appellate court and seek mandamus relief first in the Supreme Court of Texas when "there is a compelling reason" to do so. TEX. R. APP. P. 52.3(e); *In re Angelini*, 186 S.W.3d 558, 561 (Tex. 2006); *The Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 93–94 (Tex. 1997). Impending election deadlines, including deadlines for the printing of ballots, present compelling circumstances to bypass the court of appeals. *E.g.*, *Davis v. Taylor*, 930 S.W.2d 581, 582 (Tex. 1996) (compelling

circumstances existed where party was notified he was not on the ballot two days before earliest date for printing of ballots under section 86.004 of the election code).

Here, the parties chose neither of these options. Instead, the parties sought temporary, interlocutory injunctive relief from a district court under section 273.081 of the Texas Election Code, which provides:

> A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to **appropriate** injunctive relief to prevent the violation from continuing or occurring.

TEX. ELEC. CODE ANN. § 273.081 (West 2010) (emphasis added). A trial court's injunction may be reviewed by mandamus due to lack of time for regular appellate proceedings, such as when the appellate process will not resolve the case in time for an election. *See In re Woodfill*, 470 S.W.3d 473, 480–81 (Tex. 2015); *In re Triantaphyllis*, 68 S.W.3d 861, 864 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (citing *Williams v. Huntress*, 153 Tex. 443, 272 S.W.2d 87, 89 (1954) (orig. proceeding)).

However, a trial court should not grant a temporary restraining order or temporary injunction when the effect of doing so would be to finally determine rights without a trial. *McGee v. McKaskle*, 499 S.W.2d 755, 756 (Tex. Civ. App.—Houston [1st Dist.] 1973, no writ) (citing *Tex. Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 464 (Tex. 1952)). "It is error for a trial court to grant a temporary injunction, the effect of which would be to accomplish the object of the suit. To do so would be to determine rights without a trial." *Tex. Foundries*, 248 S.W.2d at 464; *see also Glob. Nat. Res. v. Bear, Stearns & Co.*, 642 S.W.2d 852, 855 (Tex. App.—Dallas 1982, no writ) ("The practical effect of the trial court's *temporary* order, therefore, was to give Bear, Stearns most of the relief it could ever obtain after trial on the merits, all without an adversary evidentiary hearing.") (emphasis in original).

In the context of an election dispute, interlocutory injunctive relief is not "appropriate injunctive relief" permitted under section 273.081 if it is ordered at a time when the parties cannot obtain a final decision in time for election officials to comply with the final order or to permit meaningful appellate review. *Compare Law v. Johnson*, 826 S.W.2d 794, 796–97 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (contest to candidacy is moot when contest cannot be tried and final decree issued in time for it to be complied with by election officials), *and McGee*, 499 S.W.2d at 756 (dismissing temporary injunction as moot where there was insufficient time for conducting a final trial and for the unsuccessful party to exhaust appellate rights before the deadline for printing ballots), *with Risner v. Harris Cty. Republican Party*, 444 S.W.3d 327, 336–37 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (permanent injunction proper to remove candidate from general election ballot where party was unopposed in primary election and non-party opponent initiated challenge before absentee voting began for primary election).

Once the time to practically permit continuing judicial scrutiny (including any attendant appellate review) of the absentee ballot has expired, the case has become moot. *Smith*, 747 S.W.2d at 939–40 (challenge filed one day prior to beginning of absentee voting is moot; any order entered would interfere with orderly process of election); *Law*, 826 S.W.2d at 796-97; *McGee*, 499 S.W.2d at 756. This mootness doctrine implicates our subject-matter jurisdiction as well as that of the trial court. *In re Meyer*, No. 05-16-00063-CV, 2016 WL 375033, at *4 (Tex. App.—Dallas Feb. 1, 2016, orig. proceeding). "The constraints on a court's action are determined by the election schedule." *Id.* Based on separation of powers concerns, no order by this Court or the trial court may interfere with the orderly process of the election. *Id.* The law for more than eighty years—since Miriam "Ma" Ferguson's second election as governor—provides that a challenge to the political candidacy of an office-seeker becomes moot "when any right which might be determined

by the judicial tribunal could not be effectuated in the manner provided by law." *Sterling v. Ferguson*, 53 S.W.2d 753, 761 (Tex. 1932).

In *Risner*, the party challenging the county chair's decision concerning the certification of an opponent to appear on the general election ballot filed and presented his case to the trial court well in advance of the ballot deadline and, therefore, afforded both the trial court and the appellate court sufficient time to consider and decide the matter without interfering with the election schedule for the general election. *See Risner*, 444 S.W.3d at 336–37. Here, in contrast, relators presented the merits of their claims regarding the primary ballot in a time and manner that did not allow for a final determination, much less appellate review, before the deadline to mail absentee ballots. January 20 was the deadline to mail early voting ballots for the March 6 primary election in accordance with the federal MOVE Act.[3] Further, early voting by mail began for the March 6 primary election on January 20. TEX. ELEC. CODE ANN. § 86.004 (West 2010).

The district courts' orders granted interlocutory injunctive relief and left no time for a final decision before the mailing of ballots. For a proceeding initiated in the trial court, the decision becomes final only after a full trial on the merits. As stated above, the parties *could* have obtained a final decision on the merits before the ballots were mailed by either initiating proceedings in this Court or in the Texas Supreme Court or seeking an expedited trial setting. They did not do so, resulting in only temporary orders from the trial court. Temporary orders from the trial court should not become final, unreviewable orders merely because of the time restraints of an election. Interlocutory injunctive relief is not "appropriate" where, as here, a final decision cannot be rendered and reviewed by an appellate court in advance of statutory election deadlines signaling the start of the election process. By virtue of the timing of the orders, the relief granted was not proper under section 273.081.

---

[3] http://www.sos.state.tx.us/elections/forms/march-primary-election-calendar-2018.pdf (last visited January 23, 2018).

In her response brief in the *Jones* proceeding, the Dallas County Elections Administrator averred that she would be unable to meet the federal mailing deadlines if this Court did not determine the validity and enforceability of the trial court's temporary restraining order immediately because the process to re-format, print, and mail the absentee ballots would take 24 hours to complete. Her concerns exemplify why trial courts may not entertain, much less grant, interlocutory injunctive relief that results in adding or removing candidates from the ballot when a final decision cannot be rendered or any appellate review obtained before the mailing deadlines. The proceedings in the trial court were moot as to the primary election and primary ballot at the time they were heard, and the resulting orders are void. Some parties may, however, be able to seek relief from the trial court regarding the general election. *See, e.g., In re Angelini*, 186 S.W.3d at 561 ("As both Angelini and Bustamante are unopposed in their respective primaries, there should be ample time before the general election in November for a trial court to make its findings, and for any appellate review to be conducted first in the court of appeals rather than this Court."); *see also Risner*, 444 S.W.3d at 336 (matter not moot as to general election "[b]ecause Salazar was unopposed in the primary election, issuance of an injunction at this point would have no effect on the primary election. Nor would issuance of an injunction at this point interfere with the November general election.").

Lee and DCRP argue that, by establishing the filing deadline in section 141.034, the legislature authorized the removal of Williams from the DCDP ballot by a temporary restraining order issued by a district court the day before overseas ballots were to be mailed. *See* TEX. ELEC. CODE ANN. § 141.034 (West Supp. 2017). Section 141.034(a) provides:

> An application for a place on the ballot may not be challenged for compliance with the applicable requirements as to form, content, and procedure after the day before any ballot to be voted early by mail is mailed to an address in the authority's jurisdiction for the election for which the application is made.

*Id.* Nothing in the text of section 141.034 authorizes the granting of final relief in a temporary restraining order. As explained above, the election code only authorizes **appropriate** injunctive relief, which excludes final injunctive relief without a trial. Further, section 141.034 does not specify what relief a party might seek. As discussed above, the election code authorizes more expeditious, direct review in the intermediate appellate courts and the supreme court through mandamus relief, although expedited, final injunctive relief by a trial court followed by appellate review is preferred. TEX. ELEC. CODE ANN. § 273.061; *see, e.g., In re Angelini*, 186 S.W.3d at 561 (noting there was "ample time" for trial findings and appellate review and, where necessary, direct review by the supreme court); *see also Dietz*, 940 S.W.2d at 94 (bypassing the court of appeals where time would not permit resolution of the controversy); *Fitch*, 834 S.W.2d at 336 (candidate bypassed trial court and first sought relief in court of appeals); *Smith*, 747 S.W.2d at 939 (same). Moreover, in *In re Meyer*, we determined that even if pre-primary relief regarding candidates on a ballot is moot, the filing deadline set by section 141.034 was not rendered meaningless because Meyer had general election ballot remedies. *See In re Meyer*, 2016 WL 375033, at \*5; *see also In re Angelini*, 186 S.W.3d at 561; *Risner*, 444 S.W.3d at 336. Accordingly, we do not agree with Lee and DCRP that section 141.034 authorizes the relief they obtained when they obtained it.

**Conclusion**

Here, all three relators seek a writ of mandamus directing the respective district court to vacate the January 19 interlocutory injunctive order. We have jurisdiction to grant such relief and deem it appropriate here. The district courts' orders are void because the challenges regarding including or omitting candidate names on the primary ballot were moot at the time the district courts granted temporary, interlocutory injunctive relief. Accordingly, we conditionally grant relators' petitions, and direct the district courts to issue written rulings vacating their respective orders within seven (7) days of the date of this opinion. A writ will issue only if the district courts

–10–

fail to comply with this opinion and the orders of this date. Due to the time-sensitive nature of these matters, the Court will not entertain motions for rehearing. *See* TEX. R. APP. P. 2.

PER CURIAM

180068F.P05