**DISMISS; and Opinion Filed September 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00715-CV

**MICHAEL G. "MIKE" LEE, CANDIDATE FOR 101ST DISTRICT COURT; THE DALLAS COUNTY REPUBLICAN PARTY; MISSY SHOREY AS DALLAS COUNTY REPUBLICAN PARTY CHAIR, Appellants**

**V.**

**THE DALLAS COUNTY DEMOCRATIC PARTY; CAROL DONOVAN, AS THE DALLAS COUNTY DEMOCRATIC PARTY CHAIR, AND STACI WILLIAMS, CANDIDATE FOR 101ST DISTRICT COURT, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-00641**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Myers
Opinion by Justice Myers

This appeal involves an election contest between appellant Michael G. "Mike" Lee, the Republican Party candidate for judge of the 101st District Court, and appellee Staci Williams, the incumbent and Lee's Democratic Party opponent. For the reasons that follow, we dismiss this appeal as moot.

### Background

In the underlying proceeding, Lee challenged Williams's nominating petitions. Specifically, Lee averred below that Williams's application for a place on the ballot was invalid because the circulators' names were not on each page of the nominating petitions circulated. The trial court rejected the challenge and signed a final judgment on March 19, 2018. Lee, the Dallas

County Republican Party, and Missy Shorey, chair of the Dallas County Republican Party (collectively "appellants") requested findings of fact and conclusions of law, which the trial court signed on April 6, 2018. Appellants did not file their notice of appeal, however, until June 18, 2018. Appellants stated in their docketing statement that this was not an accelerated appeal and the appeal should not receive precedence, preference, or priority under any statute or rule. Similarly, appellants did not request that the appeal be briefed on an expedited schedule.

When the reporter's record became overdue and the reporter notified the Court that payment had not been received for the reporter's record, we directed appellants to provide the Court with written verification showing the reporter's record had been requested and that appellants had paid for or made arrangements to pay for the record or had been found entitled to proceed without payment of costs. We cautioned appellants that failure to provide the required documentation within ten days might result in the appeal being ordered submitted without the reporter's record. On August 21, 2018, after appellants failed to provide the required documentation or otherwise correspond with the Court regarding the status of the reporter's record, we ordered the appeal submitted without a reporter's record. We also ordered, on the Court's own motion, an expedited briefing schedule because the appeal involves an election contest that could become moot if not decided before absentee balloting begins. *See, e.g., Price v. Dawson*, 608 S.W.2d 339, 340 (Tex. Civ. App.—Dallas 1980, no writ) (election contest moot because absentee balloting began during pendency of the appeal); TEX. ELEC. CODE § 86.004. We ordered appellants' briefs filed on or before August 31, 2018, appellees' briefs filed on or before September 10, 2018, and appellants' reply briefs, if any, filed on or before September 14, 2018.

Despite the August 21, 2018 order, the court reporter requested a thirty-day extension of time to file the reporter's record. By order dated August 27, 2018, we requested that appellants file a response to the reporter's extension request by noon on August 28, 2018. We explained that a response was needed because a 30-day extension would severely impact the Court's ability to

decide the appeal before the case became moot. Neither Lee nor Shorey filed a response. The Dallas County Republican Party responded that it would prefer to proceed without a reporter's record "if this Court believes waiting on the record further will significantly impair or impact this Court's ability to render decision because such a decision would be moot." Accordingly, we denied the extension of time to file the reporter's record and left the August 21, 2018 order in effect.

Briefing is now complete in accordance with the expedited briefing schedule. Appellees also filed motions to dismiss the appeal contemporaneously with their merits briefs. Appellants have responded to the motions to dismiss and appellees have replied. Appellees maintain that the appeal should be dismissed because ballots for the November 6, 2018 general election are being printed, the ballots must be mailed by Saturday, September 22, 2018, and any action taken by this Court so close to those deadlines will interfere with the orderly process of the election. Appellees further argue that appellants could have avoided mooting the appeal by either filing this appeal months ago and seeking expedited review or seeking mandamus relief from this Court or the Texas Supreme Court as provided by section 273.061 of the Texas Election Code. Appellees maintain that appellants' delay has rendered the case moot and requires dismissal. Appellants argue in contrast that there is still sufficient time to rule before the ballots are mailed. They also argue that this case involves a matter capable of repetition yet evading review that excepts it from being deemed moot.

**Applicable Law**

Time is of the essence when seeking relief in an election contest. *Duncan v. Willis*, 157 Tex. 316, 321, 302 S.W.2d 627, 630 (1957) ("In an election contest, time is of the essence and the moot case is no stranger to our election experience") (citing cases); *In re Jones*, No. 05-18-00065-CV, 2018 WL 549531, at *2 (Tex. App.—Dallas Jan. 24, 2018, orig. proceeding). "The constraints on a court's action are determined by the election schedule." *In re Meyer*, No. 05–16–00063–CV,

2016 WL 375033, at *4 (Tex. App.—Dallas Feb. 1, 2016, orig. proceeding). Based on separation of powers concerns, no order by this Court or the trial court may interfere with the orderly process of the election. *Id.* The law for more than eighty years—since Miriam "Ma" Ferguson's second election as governor—provides that a challenge to the political candidacy of an office-seeker becomes moot "when any right which might be determined by the judicial tribunal could not be effectuated in the manner provided by law." *Sterling v. Ferguson*, 53 S.W.2d 753, 761 (Tex. 1932).

"Once the time to practically permit continuing judicial scrutiny (including any attendant appellate review) of the absentee ballot has expired, the case has become moot." *In re Jones*, 2018 WL 549531, at *3; *Law v. Johnson*, 826 S.W.2d 794, 796–97 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (contest to candidacy is moot when contest cannot be tried and final decree issued in time for it to be complied with by election officials).

Any injunction or attempt on our part to delay the election process once it commences would be improper. *See In re Gamble*, 71 S.W.3d 313, 318 (Tex. 2002). An election commences when absentee balloting begins. *Lerma v. Ramon*, 760 S.W.2d 727, 730 (Tex. App.—Corpus Christi 1988, no writ) (internal citations omitted). Accordingly, an election contest is moot and the issue no longer justiciable once ballots have been mailed to overseas and military absentee voters. *In re Lopez*, No. 12-18-00016-CV, 2018 WL 720344, at *3 (Tex. App.—Tyler Feb. 6, 2018, orig. proceeding) (challenging rejection of application for place on the ballot as moot because early voting by mail had already begun); *In re Crenshaw*, No. 05-17-00330-CV, 2017 WL 1292013, at *1 (Tex. App.–Dallas Apr. 7, 2017, orig. proceeding) (mem. op.) (same); *Clark v. Lanier*, No. 01-93-00899-CV, 1993 WL 418338, at *1 (Tex. App.—Houston [1st Dist.] Oct. 21, 1993, no writ) ("An election contest arising out of a candidate's application for a place on the ballot must be dismissed as moot when early voting by absentee ballot begins").

But election contests may become moot earlier. Such contests have been held to be moot when the deadline for mailing ballots is imminent. *See, e.g., Smith v. Crawford*, 747 S.W.2d 938,

939–40 (Tex. App.—Dallas 1988, orig. proceeding) (challenge filed one day prior to beginning of absentee voting is moot; any order entered would interfere with orderly process of election); *see also In re Jones*, 2018 WL 549531, at * 5 (temporary injunction entered day before deadline for mailing ballots was void because challenge was moot at time court signed injunction). Similarly, such contests have been held to be moot once the printing of ballots is imminent or has begun. *See, e.g., In re O'Brien*, No. 05-18-00984-CV, 2018 WL 4141484, at *2 (Tex. App.—Dallas Aug. 29, 2018, orig. proceeding) (mem. op.) (declining to take any action on challenge to composition of general election ballot where deadline for printing ballots was imminent); *see also McGee v. McKaskle*, 499 S.W.2d 755, 756 (Tex. Civ. App.—Houston [1st Dist.] 1973, no writ) (dismissing temporary injunction as moot where there was insufficient time for conducting a final trial and for the unsuccessful party to exhaust appellate rights before the deadline for printing ballots); *Price v. Dawson*, 608 S.W.2d 339, 340 (Tex. Civ. App.—Dallas 1980, no writ) ("An election contest is moot if it would, with certainty, interfere with the printing of the official ballot"). Simply put, an election contest is moot once it becomes "too late to invalidate a candidate and print new absentee ballots in time for the beginning of the casting of ballots." *Law*, 826 S.W.2d at 797.

This mootness doctrine implicates our subject-matter jurisdiction as well as that of the trial court. *In re Meyer*, 2016 WL 375033, at *4; *see also In re Jones*, 2018 WL 549531, at * 5 (trial court orders granting temporary injunctive relief on eve of deadline to mail absentee ballots were void because the challenges regarding including or omitting candidate names on the primary ballot were moot at time relief granted). Appellate courts lack subject matter jurisdiction to decide moot controversies. *Nat'l Collegiate Athletic Assoc. v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

A party to an election contest may expedite the review process and avoid mooting his claims by filing a petition for writ of mandamus in the court of appeals or, in the face of compelling circumstances, seek mandamus relief directly from the Supreme Court of Texas. *E.g., Davis v. Taylor*, 930 S.W.2d 581, 582 (Tex. 1996) (compelling circumstances existed to bypass court of

appeals and seek relief from Texas Supreme Court where party was notified he was not on the ballot two days before earliest date for printing of ballots under section 86.004 of the election code); *see also* TEX. ELEC. CODE § 273.061.

### Discussion

Appellants' position in this case is inconsistent with the position taken by the Dallas County Republican Party in two recent election contests[1] presented to this Court in which the Dallas County Republican Party either argued or conceded that the challenges were moot because of the imminent deadline for mailing of ballots. *See, e.g. In re Dallas County Republican Party*, No. 05-18-00979-CV, 2018 WL 4214701, at *2 (Tex. App.—Dallas Aug. 29, 2018, orig. proceeding) (mem. op.) (relator argued district court's order requiring the Party to de-certify nominee and prohibiting the Party from including nominee on ballot was void because the challenge was moot due to imminent deadlines to print and mail ballots); *see also* Order dated September 9, 2018 in *Dallas County Republican Party, et al. v. Dallas County Democratic Party, et al.*, No. 05-18-00916-CV, (appellant conceded that any action taken by the Court that would impact the composition of the ballot for the general election would impede the election schedule and, therefore, its claims for relief on that basis were moot due to September 22, 2018 mailing deadline).

Here, the record shows appellants intentionally delayed filing this appeal and failed to request expedited relief. The printing of the ballots for the November 6, 2018 general election has begun and the deadline to mail ballots to overseas and military absentee voters is September 22, 2018. Therefore, the mailing of ballots is imminent and a ruling on the merits of this appeal would interfere with the orderly process of the election despite this Court's effort to expedite its decision by ordering an expedited briefing schedule. *See Smith*, 747 S.W.2d at 939–40; *see also In re*

---

[1] We take judicial notice of the briefing in these cases. *Brown v. Brown*, 145 S.W.3d 745, 750 (Tex. App.—Dallas 2004, pet. denied) (" A court may take judicial notice of its own records").

*O'Brien*, 2018 WL 4141484, at \*2; *In re Jones*, 2018 WL 549531, at \* 5; *In re Crenshaw*, 2017 WL 1292013, at \*1; *In re Meyer*, 2016 WL 375033, at \*4; *McGee*, 499 S.W.2d at 756; *In re Lopez*, 2018 WL 720344, at \*3; *Clark*, 1993 WL 418338, at \*1. Accordingly, the issues in this case are moot and we lack subject-matter jurisdiction to grant the relief sought.

Further, this case does not fit the capable-of-repetition-yet-evading-review exception because appellants could have obtained review had they filed their notice of appeal earlier or timely sought mandamus relief. Instead, appellants unreasonably delayed filing a notice of appeal and then sought no expedited relief or even a stay in this Court. Appellants rely on *Bejarano v. Hunter*, 899 S.W2d 346 (Tex. App.—El Paso 1995, orig. proceeding) to support their contention that the exception applies. But that case is inapplicable because there was evidence that the city clerk had repeatedly and consciously ignored state law requirements regarding review of candidate petitions. No such continuum of misconduct is alleged here.

Having determined that the issues in this case are moot and that we lack subject-matter jurisdiction to grant the relief sought, we dismiss the appeal. Due to the time-sensitive nature of these matters, the Court will not entertain motions for rehearing. *See* TEX. R. APP. P. 2.

/s/ Lana Myers
LANA MYERS
JUSTICE

180715F.P05

–7–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL G. "MIKE" LEE, CANDIDATE FOR 101ST DISTRICT COURT; THE DALLAS COUNTY REPUBLICAN PARTY; MISSY SHOREY AS DALLAS COUNTY REPUBLICAN PARTY CHAIR, Appellants

No. 05-18-00715-CV       V.

THE DALLAS COUNTY DEMOCRATIC PARTY; CAROL DONOVAN, AS THE DALLAS COUNTY DEMOCRATIC PARTY CHAIR, AND STACI WILLIAMS, CANDIDATE FOR 101ST DISTRICT COURT, Appellees

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-00641.
Opinion delivered by Justice Myers.
Justices Bridges and Fillmore participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees THE DALLAS COUNTY DEMOCRATIC PARTY; CAROL DONOVAN, AS THE DALLAS COUNTY DEMOCRATIC PARTY CHAIR, AND STACI WILLIAMS, CANDIDATE FOR 101ST DISTRICT COURT recover their costs of this appeal from appellants MICHAEL G. "MIKE" LEE, CANDIDATE FOR 101ST DISTRICT COURT; THE DALLAS COUNTY REPUBLICAN PARTY; MISSY SHOREY AS DALLAS COUNTY REPUBLICAN PARTY CHAIR.

Judgment entered this 20th day of September, 2018.